IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**Charleston Division**

| | |
|---|---|
| DEREK CLEMENTS, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 2:22-cv-02069-RMG |
| ) | |
| LLOYD J. AUSTIN, III, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPPOSITION TO DEFENDANT'S MOTION TO SEVER**

Plaintiffs, by and through counsel, respectfully submit this Opposition to Defendant's Motion to Sever pursuant to Fed. R. Civ. P. 20. Plaintiffs filed the above-captioned case challenging the vaccine policy of the Department of Defense ("DoD") and several of its components – namely, the Military Services and Military Service Academies. The action is predicated on the COVID-19 vaccination mandate ordered by DoD and its uniform implementation across the U.S Air Force, U.S. Army, and U.S. Coast Guard, in addition to the U.S. Air Force Academy, the U.S. Military Academy, and the U.S. Coast Guard Academy.

In short, because Plaintiffs allege they are the victims of a common vaccine mandate program directed by DoD that: (1) ignores federal law prohibiting the mandatory use of unlicensed vaccines; (2) violates the requirements of Defendants' own regulations by ignoring service members with natural immunity; and (3) discriminates against service members with religious objections in violation of the First Amendment and the Religious Freedom Restoration Act, Plaintiffs easily satisfy the permissive joinder requirements of Rule 20, by showing that

there is a shared occurrence or transaction, that has yielded shared questions of law or fact, and that severing the cases would result in prejudice, increased expenses, delay, and a greater risk of inconsistent verdicts.

## ARGUMENT

Federal Rule of Civil Procedure 20 permits plaintiffs to join one suit and various defendants in a single action if: (1) they assert any rights to relief jointly, severally, or in the alternative is asserted against the defendants with respect to the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact will arise in the action that is common to all plaintiffs or defendants. Fed. R. Civ. P. 20(a)(1)-(2). The rule grants courts "wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007).

Under the first prong, "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Thus, "The 'transaction or occurrence test' of the rule 'would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). In fact, "Courts have allowed joinder of defendants where the operative facts are related even if the same transaction is not involved, where there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly." *Apache Products Co. v. Employers Ins. Of Wausau*, 154 F.R.D. 650, 660 (S.D. Miss. 1994) (quoting *Mosley*, 497 F.2d at 1333) (clean version).

Under the second prong, "[N]ot every question of law or fact in the action must be common among the parties; rather, the rule permits joinder whenever there will be 'at least one common question of law or fact' among the parties." *Tinsley v. Streich*, 143 F. Supp. 3d 450, 461 (W.D. Va. 2015) (quoting 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1653 (3d ed.2001)). "This is a flexible test and should be 'read as broadly as possible whenever doing so is likely to promote judicial economy.'" *Id.* (quoting Wright, at § 1653; *Stephens v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.,* 807 F.Supp.2d 375, 384 (D. Md. 2011). "The rule also does not 'concern itself with whether certain questions of law and fact will arise which will *not* be common to all party defendants.'" *Id.* (quoting *Stephens*, 807 F. Supp. 2d at 384) (emphasis in original).

In adjudicating this standard, the United States Supreme Court has noted that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The purpose is to avoid multiple lawsuits and inconsistent verdicts, and to encourage expediency and efficiency of trial. *Saval*, 710 F.2d at 1031. "Thus, Rule 20, in particular, is liberally interpreted in favor of joinder." *Apache*, 154 F.R.D. at 660.

### A. Plaintiffs' Respective Claims Each Stem from a Shared Occurrence: the Secretary of Defense's Vaccine Mandate

That individuals may have suffered individualized consequences does not render joinder impermissible when said individualized consequences result from a shared occurrence/transaction or series of occurrences/transactions. Motions to sever have even been denied in a case brought by students against military schools, where students challenged the

3

school's policy based on the respective negative effects the policy had on each individual student. *See Nkemakolam v. St. John's Mil. Sch.*, No. 12-2132-JWL, 2014 WL 200918, at *1 (D. Kan. Jan. 17, 2014) (Denying motion to sever in a case brought by 11 students against their military school, where each plaintiff had different experiences of abuse, yet each case of abuse was connected to the policy of the school.).[1]

Moreover, courts have routinely upheld permissive joinder in cases where multiple plaintiffs "worked in different places and in different divisions of [a] company," but where each plaintiff alleged that he or she was "discriminated against as part of a pattern and practice of unlawful […] discrimination conducted by defendant throughout its many regions and divisions." *King v. Ralston Purina Co.*, 97 F.R.D. 477, 480 (W.D.N.C. 1983) (brackets added). For example, the Second Circuit has upheld the application of this principle in cases challenging policies initiated by high-level officials and carried out by a multitude of subordinates. *See Scott v. Goodman*, 961 F. Supp. 424, 448 (E.D.N.Y. 1997), *aff'd sub nom. Scott v. Meyers*, 191 F.3d 82 (2d Cir. 1999) (Motion to sever denied in case brought against multiple defendants in the New York Transit Authority, involving a policy initiated by a high-level Transit Authority

---

[1] In considering the factors of prejudice, expediency, and delay, the Court ruled:

> The Court further concludes that any minimal prejudice from a single trial is substantially outweighed by the inconvenience and delay and expense that would result from eleven separate trials. Defendant attempts to minimize the amount of overlapping evidence in this case. As noted above, however, evidence concerning defendant's policies and practices regarding student discipline and concerning defendant's knowledge and notice of abuse will be relevant to each plaintiff's claim. […] Holding eleven separate trials would delay the resolution of some plaintiffs' claims by many months or longer, and would greatly increase the costs incurred by the parties and the Court.

*Nkemakolam v. St. John's Mil. Sch.*, No. 12-2132-JWL, 2014 WL 200918, at *2 (D. Kan. Jan. 17, 2014).

Director and implemented by his subordinates, which employees sought to challenge on First Amendment grounds). In this case, Plaintiffs allege multiple common claims arising out of a single event: the vaccine mandate issued by DoD Secretary Austin and enforced by Defendant Services and Service Academies in violation of U.S. law. Plaintiffs' claims meet both the "same transaction or occurrence" requirement of Rule 20 and similarly establish common questions of law and fact.

    In this case, each Plaintiff was subject to Defense Secretary Austin's edict requiring COVID-19 vaccination with an unlicensed, emergency use authorization vaccine. Each Plaintiff alleges that this edict and its implementation were illegal, arguing there was no licensed COVID-19 vaccine anywhere in the United States at the time Defendant Austin issued his mandate order.[2]

    Because plaintiffs are subject to a common transaction or occurrence, namely Defendants' COVID-19 vaccine mandate and subsequent implementation, in violation of federal law, they satisfy the first prong under Rule 20 for finding proper permissive joinder. *See King v. Ralston Purina Co.*, 97 F.R.D. at 480; *Scott v. Goodman*, 961 F. Supp. at 448 (denying motion to sever in case challenging policies initiated by Defendant high-level agency official as carried out by a multitude of Defendant subordinates.)

    Defendants argue that "[e]ach of the twenty-four Plaintiffs assert different sets of claims against different defendants for different conduct[,]" and that the different "causes of action will require the Court to make individualized determinations for each plaintiff based on separate circumstances and administrative records." Defendant's Motion at 5-6. This assertion is a

---

[2] Indeed, as of filing, the FDA to this date has yet to issue a location where someone could find COMIRNATY on its Vaccine Finder website.

complete mischaracterization of Plaintiffs' suit. This lawsuit does not present individual challenges to the mandates, nor does it seek individual review of each Plaintiff's case (or denial of a religious accommodation request). To the contrary, Plaintiffs bring a systematic challenge to the DoD mandate as a whole, alleging that the mandate itself, and as it is universally being applied through every single one of the Defendant Services, are arbitrary, capricious, and in violation of regulation and statute. This one common thread ties this entire, properly joined lawsuit, together.

### B. Plaintiffs' Shared Occurrence Has Created Shared Questions of Law and Fact

Moreover, notwithstanding the lack of a licensed vaccine, Defendants have proceeded to enforce vaccine mandates in ways that present shared questions of law and fact for Plaintiffs' respective claims. Accordingly, Plaintiffs satisfy the second prong under Rule 20 for finding proper permissive joinder.

First, Defendants' implementation of the COVID-19 vaccination mandate has resulted in Defendants' violation of 10 U.S.C. § 1107a. Defendants have failed to follow a federal statute that mandates the receipt of informed consent for EUA vaccines prescribed to service members. This issue affects each one of the twenty-four Plaintiffs named in the above-captioned lawsuit, and involves the same question of law with the exact same set of facts for each Plaintiff. As stated in *Tinsley*, *supra*, there need be only one common law or fact; Defendants' failure to follow 10 U.S.C. § 1107a applies to *all* Plaintiffs.

Secondly, and notwithstanding the previous point, there is also a shared issue of law and fact concerning Defendants' failure to follow their own regulations requiring prior immunity evaluations when implementing vaccine programs. Each Defendant is subject to a common regulation requiring that individuals being vaccinated be assessed for immunity before being

6

ordered to take a shot. *See* Army Regulation 40-562, "Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases" (Oct. 7, 2013) ("AR 40-562"). All Plaintiffs are subject to the mandatory vaccination program, yet not one Plaintiff has been exempted from the vaccination program because of prior or natural immunity, despite having evidence of such immunity and producing it for Defendants. Thus, Plaintiffs are subject to the shared vaccine mandate program implemented by Defendants and allege a common question of law in asserting that Defendants violate the Administrative Procedure Act in failing to follow their own regulations in implementing this shared policy.

Finally, by virtue of ordering Plaintiffs to submit to COVID-19 vaccination despite Plaintiffs' valid religious objections, Defendants are violating both the First Amendment of the Constitution and the Religious Freedom Restoration Act, the latter of which specifically stipulates that Defendants cannot burden Plaintiffs' religious practices without a compelling interest. Defendants appeared to base their misjoinder claims on the religious exemption issue, but this ignores the requirements under Rule 20 and indeed, this argument misstates the case Plaintiffs make against the vaccine mandate. Plaintiffs are not alleging that any one religious practice is being affected by the vaccine mandate. Rather, Plaintiffs have presented a straightforward, simple case, supported by undisputed evidence, showing that Defendants categorically reject all, or virtually all, religious exemption requests, regardless of the specific basis for the exemption. In other words, Defendants are charged with knowingly administering the vaccine mandate program in such a way as to effectively eliminate any service member claiming a religious objection to the vaccine. Each Defendant does so in the name of implementing DoD's mandate, and indeed, the manner in which Defendants process and reject Religious Accommodation Requests is near-identical across branches and academies. As such,

7

Plaintiffs' religious claims are predicated on a shared transaction (the COVID-19 mandate and its implementation, including the uniform policy of rejecting religious accommodation requests found across the military) and clearly share a common question of law and fact (the violation of the RFRA and First Amendment).

### C. Severing Cases Would Greatly Increase Trial Costs, Cause Undue Delay, and Would Greatly Increase the Risk of Inconsistent Verdicts

In addition to the clear presentation of a shared occurrence and common question of law, there is no argument that Defendants can make to suggest that severing cases would result in less prejudice, greater judicial economy and expediency, and a lower risk of disparate judgments. Accordingly, there is no reasonable basis that this Court should find severing proper, particularly in light of the more than reasonable connections that exist between Plaintiffs' claims. *See Aleman*, 485 F.3d at, 218.

By keeping all twenty-four Plaintiffs in the same case, this honorable Court is afforded the opportunity to address the common issues that have affected a multitude of service members and cadets posted at an array of military institutions across the United States. Severing Plaintiffs' cases substantially increases the risk that Courts will issue inconsistent verdicts, would substantially drive up the litigation costs for each and every Plaintiff (the majority of which are only Academy Cadets), and would cause undue delay.

### III. CONCLUSION

For these reasons, Plaintiffs request this Honorable Court deny Defendants' Motion to Sever.

Respectfully submitted,

*/s/ Michael T. Rose*
Michael T. Rose (S.C. Bar No. 0004910)

Mike Rose Law Firm, PC
409 Central Ave.
Summerville, SC 29483
Telephone: (843) 871-1821
mike@mikeroselawfirm.com
*Local Counsel*

*/s/ Carol A. Thompson*
Carol A. Thompson
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com
*Admitted via Special Admission*

*/s/ John J. Michels, Jr.*
John J. Michels, Jr.
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
lmichels@fedpractice.com
*Admitted via Special Admission*

*Counsel for Plaintiffs*