IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

| | |
|---|---|
| DEREK CLEMENTS, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 2:22-cv-02069-RMG |
| ) | |
| LLOYD J. AUSTIN, III, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION AND LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs, by and through counsel, submit this Motion for Reconsideration and Leave to File an Amended Complaint pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 59. Plaintiffs ask that the honorable Court reconsider its July 27, 2022, Order severing Plaintiffs' claims and dismissing without prejudice 20 out of 24 Plaintiffs for lack of venue. Plaintiffs also seek leave to amend their Complaint to remove the causes of action predicated on the Religious Freedom Restoration Act and First Amendment, and to dismiss all Defendants except for Defendant Secretary of Defense.

**ARGUMENT**

**I.       Legal Standard for Post-Judgment Amended Complaints**

In evaluating combined motions asking for reconsideration and leave to file an amended complaint, "the court does not utilize the standards for Rules 59(e) or 60(b) in determining whether or not to vacate the judgment, but rather the Rule 15 standard regarding amendment of a pleading." *De La Fuente v. S.C. Democratic Party*, No. 3:16-CV-322-CMC, 2017 WL

10768354, at *2 (D.S.C. Oct. 12, 2017) (citing *Katyle v. Penn. Nat. Gaming., Inc.*, 637 F.3d 462, 470 (4th Cir. 2011) ("To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)."); *see, e.g.*, *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc); *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("A conclusion that the district court abused its discretion in denying a motion to amend, however, is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion. In other words, Rule 15(a) and Rule 59(e) motions rise and fall together.") (cleaned up) (citing *Matrix Cap.*, 576 F.3d at 193).

Analysis for post-judgment motions to amend is the same as it would be for pre-judgment motions. *See Matrix Cap.*, 576 F.3d at 193 (vacating and remanding the district court's decision, because post-judgment leave to file an amended complaint should have been granted) (citing *Laber*, 438 F.3d at 428 (4th Cir. 2006)); *Katyle*, 637 F.3d at 470. "Leave to amend should be freely granted under Fed. R. Civ. P. 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith." *Duenez v. Tidewater Boats*, LLC, No. CV 3:20-972-MGL-SVH, 2020 WL 5801029, at *3 (D.S.C. Sept. 28, 2020) (allowing amended complaint which adds a new issue, because no prejudice to defendant based on discovery having not yet begun and relatively little delay) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Cap.*, 576 F.3d at 193. Conversely, "A request to amend *should only be denied* if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on

the part of the moving party, or amendment would be futile.'" *Mayfield*, 674 F.3d at 379 (emphasis added) (quoting *Matrix Capital*, 576 F.3d at 193).

In evaluating prejudice, courts have typically looked to three factors: (1) whether there has been delay, with particular focus on the length of time between when the actions that gave rise to the lawsuit occurred and when the request to amend was filed, (2) how far the case has progressed, with particular focus on whether discovery has commenced, and (3) whether the amended complaint seeks to add a cause of action based on an entirely new nucleus of fact. *See, e.g., Laber*, 438 F.3d at 427; *Equal Rights Center v. Niles Bolton Assoc's*, 602 F.3d 597, 603 (4th Cir. 2010); *Matrix Capital*, 576 F.3d at 193.

Courts in the Fourth Circuit have routinely approved post-judgment requests to amend when discovery has not commenced, the case is relatively recently filed, and the amended complaint is not predicated on entirely new facts. *See Matrix Cap.*, 576 F.3d at 193 (finding request to amend appropriate, where "Delay alone is an insufficient reason to deny a motion to amend; however, when a post-judgment motion to amend is made, 'the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part.'"). Courts, (including this District), have even granted leave to amend in cases where the parties sought to add an issue or re-present their arguments. *See Laber*, 438 F.3d at, 427 (request to file post-judgment amended complaint which sought to re-present issues was granted); *Duenez,* 2020 WL 5801029, at *3 (D.S.C. Sept. 28, 2020) (allowing amended complaint adding a new cause of action, because no prejudice to defendant existed, as discovery had not yet begun, relatively little delay had occurred, and the new cause of action was alluded to previously and was not based on a different set of facts).

Conversely, findings of prejudice only occur when all three factors are found. *See, e.g., Mayfield*, 674 F.3d at 379–80 (affirming denial of a reconsideration/amended complaint motion, because the proposed amended complaint was filed three years after the events, a substantial amount of discovery had been conducted, and the amended complaint contained a brand-new cause of action based on entirely new facts).

### II.     Plaintiffs Satisfy Rule 15 Requirements and Should Be Granted Leave to File an Amended Complaint

According to the requirements of Rule 15, if the Court does not find that Plaintiffs' proposed amendment is pursued in bad faith, would not result in prejudice, and is not futile, then the July 27, 2022, Order to sever should be vacated and Plaintiffs should be granted leave to amend their complaint. *See, e.g., Foman v. Davis*, 371 U.S. at 182; *Matrix Cap.*, 576 F.3d at 193.[1]

Plaintiffs file this combined Rule 15 and Rule 59 motion to request that they be permitted to remove the causes of action that the Court found problematic with respect to joinder – namely, the RFRA and First Amendment claims. Removal of these causes of action reduce Plaintiffs' case to a straightforward Administrative Procedure Act ("APA") case against a single Defendant, which will require little or no individualized factual analysis or development. Instead, factual and legal analysis will focus on Defendant Secretary of Defense's actions in developing and promulgating an unlawful vaccine mandate.

Plaintiffs therefore satisfy the requirements of Rule 15. First, amending the complaint is not futile, because it fundamentally changes the circumstances relating to joinder and will

---

[1] It is clear that Plaintiffs do not pursue this motion in bad faith or for some improper motive because the proposed amendment simply removes certain aspects of the case that the Court itself found problematic; accordingly, Plaintiffs do not address the issue any further.

4

promote judicial economy. Second, there is no risk of prejudice, because the case is still in its initial stages, there has been no decision on the merits thus far, discovery has not commenced, and Plaintiffs do not seek to add any causes of action based on a different nucleus of fact – to the contrary, Plaintiffs seek to remove two claims and reduce the number of Defendants to one.

### A.    Plaintiffs' Sought Amended Complaint Is Not Futile

Plaintiffs' removal of the RFRA and First Amendment causes of action would make joinder in this venue appropriate, as the Court itself recognized that there is overlap between Plaintiffs' claims. The result of removing the RFRA and First Amendment causes of action effectively moots the Court's stated rationale for finding improper joinder. Instead, the Court would be addressing only the APA claims, which turn not on an individual plaintiff's facts, but instead focuses on the acts of a sole Defendant—Department of Defense Secretary Austin. Ultimately, this means that Plaintiffs' amended complaint would not be futile, and that granting this motion would further judicial economy, as the case could be decided on its merits with all 24 Plaintiffs.

The rules governing permissive joinder essentially require evaluation of 3 factors: (1) a common occurrence or transaction, (2) shared questions of law or fact, and (3) avoiding inefficiency and inconsistent verdicts, while promoting judicial economy. *See also Akers v. Norfolk & W. Ry. Co.*, 378 F.2d 78, 80 (4th Cir. 1967) (underscoring the "primary right" of the plaintiff to choose their forum, "a selection not easily to be overthrown.") In its July 27, 2022, Order, the Court suggested that while the first two factors may have been met, the individualized facts for each of the 24 Plaintiffs did not promote judicial economy. In raising its concerns, the Court focused almost exclusively on the analysis required to assess Plaintiffs' claims concerning the RFRA and the First Amendment.

Notably, the Court did not dismiss Plaintiffs' claims with prejudice, meaning that Plaintiffs are permitted to refile their claims. Plaintiffs could voluntarily dismiss the four remaining separate cases and refile a new complaint without the RFRA and First Amendment causes of action. This new complaint would include all 24 Plaintiffs, and as mentioned above, will focus solely on the APA related issues. This would further delay litigation of the issues brought by Plaintiffs, given the various formalities associated with the filing of a new complaint, including receiving a new case number, restarting the Government's time to respond, and potentially even assigning a new Judge.[2] In short, Plaintiffs believe that judicial economy is better served by reconsidering Plaintiffs' joinder in the conspicuous absence of any RFRA or First Amendment claims.

### B. There is No Risk of Prejudice

There is no risk of prejudice in granting Plaintiffs' request to amend their complaint because Plaintiffs' case had barely started. *See Laber*, 438 F.3d at 427; *Matrix Cap*, 576 F.3d at 193; *Duenez*, 2020 WL 5801029, at *3 (D.S.C. Sept. 28, 2020). Accordingly, multiple factors weigh in the favor of Plaintiffs.

First, no discovery had commenced. *See Equal Rights Center*, 602 F.3d at 603. Second, Plaintiffs' remaining claims are centered on actions that took place less than a year ago, and the case was filed less than two months ago.[3] *See Mayfield*, 674 F.3d at 379–80 (noting the extensive period of time that lapsed between the occurrence of the underlying facts, the filing of the initial

---

[2] The current Judge is, of course, aware of the facts and issues at hand and is familiar with the Parties and respective counsel.

[3] Even if delay were somehow found, despite the youth of the case and relatively short period of time, delay alone is insufficient to find prejudice. *See Matrix Cap.*, 576 F.3d at 193.

complaint, and the timing of the motion to amend). Third, Plaintiffs do not seek to raise any new causes of action, not-least those grounded in an entirely new set of facts. *Id.*

In summation, the balance of factors does not come close to finding prejudice against Defendant. *Compare with Mayfield*, 674 F.3d at 379–80 (denying because the case is past discovery, the case is 3 years removed from the events that gave rise to legal action, 2.5 years past when the case was first filed, and plaintiffs sought to add an entirely new cause of action, based on a different nucleus of fact).

### III. CONCLUSION

Plaintiffs satisfy the Rule 15 standard governing joint motions for reconsideration and leave to file an amended complaint because there is no risk of prejudice and filing the amended complaint will not be a futile endeavor; to the contrary, the proposed amended complaint addresses the concerns expressed by this Court in dismissing and severing the various plaintiffs. Accordingly, Plaintiffs request this Court grant their Motion for Reconsideration and Leave to File their Amended Complaint. A proposed copy of the Amended Complaint is appended to this motion.

Respectfully submitted,

*/s/ Michael T. Rose*
Michael T. Rose (S.C. Bar No. 0004910)
Mike Rose Law Firm, PC
409 Central Ave.
Summerville, SC 29483
Telephone: (843) 871-1821
mike@mikeroselawfirm.com
*Local Counsel*

*/s/ Carol A. Thompson*
Carol A. Thompson
Federal Practice Group
1750 K Street N.W., Suite 900

Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com
*Admitted by Special Admission*

*/s/ John J. Michels, Jr.*
John J. Michels, Jr.
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
lmichels@fedpractice.com
*Admitted by Special Admission*
*Counsel for Plaintiffs*