# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Derek Clements, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 2:22-2069-RMG |
| v. ) | |
| ) | |
| Lloyd J. Austin, III, Secretary of ) | |
| Defense., *et al.*, ) | |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

Plaintiffs N. Amie, T. Amie, S. Galdamez, D. Johnson and J. Johnson (hereafter "Cadet Plaintiffs") moved for a temporary restraining order (TRO) on August 16, 2022, based largely on the claim that the Government has not honored an agreement made regarding an earlier filed motion for a TRO and preliminary injunction that it would not act adversely on these parties' status as Coast Guard Academy cadets until the earlier of the Court's decision in the motion for TRO and preliminary injunction or September 1, 2022. (Dkt. No. 12 at 2). Subsequently, the Court severed the cases of the 24 named plaintiffs in the original complaint and dismissed all of the plaintiffs residing outside the District of South Carolina, including the Cadet Plaintiffs, for lack of venue. (Dkt. No. 22). The Court denied a motion to reconsider its decision to sever the claims of the 24 plaintiffs and to dismiss those without venue in the District of South Carolina. (Dkt. No. 32).

The dismissed Plaintiffs also moved to amend their complaint and filed a proposed amended complaint for the Court's review. (Dkt. Nos. 28; 28-2). Plaintiffs moved to dismiss their claims arising under the Religious Freedom Restoration Act and the First Amendment. (Dkt. No. 28 at 1). Plaintiffs moved to assert only claims under the Administrative Procedures Act and the

1

Due Process Clause of the Fifth Amendment as to all 24 Plaintiffs, and to dismiss all defendants except Secretary Austin. (Dkt. Nos. 28 at 1; 28-2). The Government did not oppose the motion to amend. The Court granted Plaintiffs' motion to amend the complaint. (Dkt. No. 32).

Plaintiffs filed an amended complaint on August 15, 2022, that deviated from the proposed amended complaint previously submitted to the Court. (Dkt. No. 33). The amended complaint added two defendants, Secretary Austin and Admiral Linda Fagan, Commandant of the Coast Guard. (*Id.*). In addition, the amended complaint added five new Plaintiffs: Samuel Conklin, Emilio Haynes, Dominic Mell, Collin Morrison, and Nicholas Saballa. (*Id.* at ¶¶ 18-22). This sleight of hand of adding additional parties to the amended complaint, beyond that requested by Plaintiffs and authorized by the Court, was plainly improper. The Court hereby strikes Samuel Conklin, Emilio Haynes, Dominic Mell, Collin Morrison, Nicholas Saballa, and Admiral Fagan as parties as beyond the scope of the Court's order granting leave to amend. (Dkt. No. 32). Should Plaintiffs seek to add Admiral Fagan or any other party, they must move before the Court for authorization to do so and the Government will have a right to respond to that new motion to amend.

The addition of Admiral Fagan as a party was not a mere oversight because Cadet Plaintiffs then moved first for a preliminary injunction and subsequently a TRO enjoining Admiral Fagan from discharging them from the Coast Guard Academy. (Dkt. Nos. 34; 35). Since Admiral Fagan is no longer a party to this pending lawsuit, that alone is a basis to deny the motion for a TRO enjoining her from discharging the Cadet Plaintiffs from the Coast Guard Academy.

But even if the Court were to address the motion for a TRO on the merits, the Cadet Plaintiffs have failed to carry their burden of establishing their entitlement to relief. In order to obtain a TRO, the moving party must show:

1. A likelihood of success on the merits;

2. Irreparable harm in the absence of the issuance of a TRO;

3. The balance of equities tips in favor of the moving party; and

4. The injunction is in the public interest.

*Collins v. Belzer*, C.A. No. 2:20-3752-RMG, 2021 WL 4520175 at *1 (D.S.C. Oct. 4, 2021); Fed. R. Civ. P. 65.

Cadet Plaintiffs have failed to establish that they meet the very high standards for a TRO on any of the four factors.[1] The motion for a TRO is **DENIED**. (Dkt. No. 35). The Court will await the Government's response to Cadet Plaintiffs' motion for a preliminary injunction (Dkt. No. 34) and any reply by the Cadet Plaintiffs before dealing with the request for preliminary injunctive relief.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

August 19, 2022
Charleston, South Carolina

---

[1] The Government has advised the Court that the final separation of the Plaintiff Cadets will not occur until at least September 1, 2022. (Dkt. No. 36 at 6).