IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derek Clements, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action Number: 2:22-cv-02069-RMG |
| ) | |
| Lloyd J. Austin, III, Secretary of ) | |
| Defense, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR AN EXTENTION OF TIME
TO RESPOND TO THE AMENDED COMPLAINT**

Defendant respectfully requests that the Court extend the deadline for a response to Plaintiffs' amended complaint, ECF No. 33, to 14 days after any order resolving Plaintiffs' pending motion for a preliminary injunction, ECF No. 34. Plaintiffs oppose this motion. Good cause exists to grant this motion, as set forth below.

1. Plaintiffs filed this action on June 29, 2022. *See* ECF No. 1. The next day, they filed a motion seeking a temporary restraining order and preliminary injunction. *See* ECF No. 4. That motion and Plaintiffs' complaint were served on the United States Attorney for the District of South Carolina on July 5. *See* ECF No. 13.

2. On July 15, Defendants moved to sever the claims of each Plaintiff and to dismiss those Plaintiffs without any apparent connection to the District of South Carolina. *See* ECF No. 15. This Court granted that motion. *See Clements v. Austin*, No. 2:22-cv-2069-RMG, 2022 WL 3224604 (D.S.C. July 27, 2022).

3. On August 1, following the Court's order of severance and dismissal, Plaintiffs sought leave to file a proposed amended complaint. *See* ECF No. 28. Plaintiffs proposed an amended complaint that would remove certain of the Plaintiffs' claims, drop all Defendants save

1

for the Secretary of Defense, and rejoin to this action the previously severed and dismissed Plaintiffs. *See* ECF No. 28-2.

4. On August 9, the Court granted leave for Plaintiffs to file their proposed amended complaint. *See Clements v. Austin*, No. 2:22-cv-2069-RMG, 2022 WL 3224667 (D.S.C. Aug. 9, 2022). The Court directed Plaintiffs "to promptly file" the amended complaint. *Id.* at *1.

5. On August 15, Plaintiffs filed the amended complaint. *See* ECF No. 33.[1]

6. That same day, Plaintiffs filed a second motion for a temporary restraining order and preliminary injunction. *See* ECF No. 34. Defendant filed a brief in opposition to Plaintiffs' motion on August 24. *See* ECF No. 41. Any reply by Plaintiffs must be filed by August 31, *see* Local Rule 7.07, at which point Plaintiffs' motion will be ripe for adjudication.

7. By operation of Rule 15(a)(3) of the Federal Rules of Civil Procedure, "[u]nless the court orders otherwise," Defendant must answer Plaintiffs' amended complaint by Tuesday, September 6.[2]

8. An adjustment to this response period is warranted given the current posture of this case. Any eventual order on Plaintiffs' motion for a preliminary injunction necessarily will inform Defendant's response to the amended complaint and shape the next steps in this litigation. In particular, the Court's treatment of the jurisdictional and merits issues raised in the parties' briefs at the preliminary-injunction stage will inform, in substantial part, the nature and scope of any motion to dismiss.

---

[1] The amended complaint differed in certain respects from the version Plaintiffs previously had proposed, including by adding new plaintiffs and a new defendant, and so the Court struck all parties who were "beyond the scope of the Court's order granting leave to amend." *Clements v. Austin*, No. 2:22-cv-2069-RMG, 2022 WL 3593621, at *1 (D.S.C. Aug. 19, 2022).

[2] Sixty days from July 5 falls on Saturday, September 3. *See* Fed. R. Civ. P. 12(a)(2) ("[A]n agency, officer, or employee of [the United States] sued only in an official capacity must serve an answer to a complaint . . . within 60 days after service on the United States attorney . . . ."). Accordingly, the period for Defendant to respond to the amended complaint "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

9. The nature of this case also supports an adjustment to the time for Defendant to respond to the amended complaint. This case names the Secretary of Defense as a Defendant, involves Plaintiffs from multiple divisions of the Armed Services, and challenges a significant military priority on the ground that military policy violates the Administrative Procedure Act and the Constitution. Given the nature of the allegations, any brief that Defendant files in this case must be extensively reviewed within the Department of Justice and across other government departments, and all filings necessitate close coordination with various military chains of command.

10. In sum, given the posture and nature of this case, a modest extension of time is needed so that Defendant may determine an appropriate course of action before responding to the amended complaint and coordinate any subsequent filing with relevant officials across the federal government. In particular, allowing 14 days for Defendant to consider this Court's decision on Plaintiffs' motion for a preliminary injunction, and to coordinate any subsequent response to the amended complaint with relevant officials across the federal government, would ensure that Defendant's filing will best assist this Court in determining the proper resolution of this important case.

11. Finally, the proposed extension of Defendant's response deadline would accommodate the leave schedule of undersigned counsel for Defendant, who has plans to be on leave from August 29 through September 5 but otherwise would have principal responsibility for drafting Defendant's response to the amended complaint.

12. This is the first extension that Defendant has sought with respect to the deadline to respond to Plaintiffs' amended complaint. The requested extension would not affect any other currently pending deadlines.

For the foregoing reasons, Defendant respectfully submits that an order permitting Defendant to respond to the amended complaint within 14 days of any order on Plaintiffs' motion

for a preliminary injunction would promote the efficient resolution of this matter. Defendant therefore requests that the Court issue an order lifting Defendant's obligation to respond to the amended complaint by September 6 and extending the response deadline to 14 days after any order granting or denying Plaintiffs' motion for a preliminary injunction.

Dated: August 26, 2022

COREY F. ELLIS
United States Attorney

Beth Drake (#5598)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC  29201
Phone:  (803) 929-3061
Email:  Beth.Drake@usdoj.gov

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Cassandra Snyder*
CODY T. KNAPP (NY #5715438)
CASSANDRA SNYDER (DC #1671667)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Attorneys for Defendant*