IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**Charleston Division**

| | |
|---|---|
| DEREK CLEMENTS, *et al.*,    )<br>                                                        )<br>          Plaintiffs                       )<br>                                                        )<br>          v.                                       )<br>                                                        )<br>LLOYD J. AUSTIN, III,                )<br>                                                        )<br>          Defendant.                     )<br>_____ ) | Civil Action No. 2:22-cv-02069-RMG |

**PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENTION OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

Plaintiffs, by and through counsel, respectfully submit this response in opposition to Defendant's "Motion for an Extention [sic] of Time to Respond to the Amended Complaint" ("Motion for an Extension"). Counsel for Defendant Secretary Lloyd J. Austin, III requests a sizable extension, 14 days after the Court issues its decision on Plaintiffs' Motion for a Preliminary Injunction.

Plaintiffs' counsel notes that there are two aspects to this request: (1) whether any extension is warranted, and if so, (2) the extent. Plaintiffs' counsel opposes both aspects on the grounds that Defendant's counsel has not provided adequate reasons to support any delay, let alone a two-week minimum that will almost certainly extend longer.

**I.     Defendant Has Not Presented Adequate Reasons to Show Good-Cause for an Extension**

The Court has expedited multiple deadlines in this case – including Plaintiffs' deadline to respond to this very motion for an extension. Against this backdrop, Defendant argues that it

needs more time on top of the initial 60 days already afforded to the Government to vet internal answers.

Defendant raises two self-inflicted reasons for needing an extension – a need to consult multiple governmental entities, and a week of leave for one of Defendant's counsel. First, the rules already accommodate the multiple layers inherent in cases against the Government – for this reason, the Government is allocated 60 days, not 30, to file an answer or motion to dismiss.

Moreover, there are five attorneys undersigning Defendant's Motion for an Extention [sic] of Time to Respond to the Amended Complaint. While Plaintiffs' counsel understands the value of personal time off, Plaintiffs' counsel respectfully countenances that there are other personnel assigned to this case, and that Defendant's counsel has had more than enough time to work around a single counsel's week of personal time off.

More directly to the issue of showing good cause, how exactly the Court's ruling on preliminary injunction matters will affect Defendant's Answer (which Defendant alludes will be a Motion to Dismiss), Defendant does not state. Defendant merely rephrases that it will have some sort of effect. Plaintiffs' counsel anticipates that Defendant will almost certainly raise the same arguments that it does in its Opposition to the preliminary injunction filings. How exactly Defendant will be affected, given that it will make the same arguments for a Motion to Dismiss, whether due September 6, 2022, or over two weeks later, is unclear.

**II.     The Length of Defendant's Proposed Extension Is Not Warranted**

Turning to the length of any extension, Defendant speaks out of turn when it characterizes the extension as "modest." By Defendant's own design, the requested delay is not tethered to a date. Instead, Defendant's requested extension is 2 weeks on top of any time the Court may need to evaluate the complex arguments in the Preliminary Injunction filings.

Accordingly, the requested extension for Defendant's answer could well be expected to push time well past the already extended 60-day deadline that the Government has to file an answer.

In short, this Court has moved this case along expediently, often shortening response and filing timelines substantially. Defendant has not provided a good reason for the Court to now suddenly abandon this expedient approach, let alone for such a sizeable extension.

## IV. CONCLUSION

For these reasons, Plaintiffs request this Honorable Court deny Defendant's Motion for an Extention [sic] of Time to Respond to the Amended Complaint.

Respectfully submitted,

/s/ Michael T. Rose
Michael T. Rose (S.C. Bar No. 0004910)
Mike Rose Law Firm, PC
409 Central Ave.
Summerville, SC 29483
Telephone: (843) 871-1821
mike@mikeroselawfirm.com
*Local Counsel*

/s/ Carol A. Thompson
Carol A. Thompson
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com
*Admitted via Pro Hac Vice*

/s/ John J. Michels, Jr.
John J. Michels, Jr.
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360

Facsimile: (888) 899-6053
lmichels@fedpractice.com
*Admitted via Pro Hac Vice*

*Counsel for Plaintiffs*