# Exhibit 4

| | |
|---|---|
| **From:** | Snyder, Cassandra M (CIV) |
| **To:** | Carol Thompson; Lou Michels; mike@mikeroselawfirm.com; Ian Hargreaves; Daisy Chung |
| **Cc:** | Knapp, Cody T. (CIV); Drake, Beth (USASC) |
| **Subject:** | RE: Communication with Coast Guard Academy |
| **Date:** | Tuesday, August 23, 2022 8:07:07 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Hi Carol,

We appreciate your willingness to work with us on this, and for your patience while we worked to obtain the relevant information today.

First, I'll address your earlier questions about TDY pay, travel expenses, and lodging. As you know, the Coast Guard has agreed hold off on final separation of your clients for now, notwithstanding their disenrollment from the Academy. In lieu of separation, they are now in a temporary duty assignment—specifically an alternative worksite arrangement at their home—and they will remain in that status until at least September 1, 2022. It is our understanding that the Academy arranged your clients' travel home and will cover those travel costs. We also understand that the Coast Guard will provide your clients with a ration to cover the meals that they would otherwise have been provided at the Academy. But because the plaintiffs are in an alternative worksite arrangement at their homes, the Academy will not cover lodging costs. The only alternative to this ad hoc arrangement would be to place your clients in a formal "involuntary leave without pay" status, but that would involve stopping their cadet pay.

Regarding the possibility of your clients attending classes remotely, you are correct that plaintiffs were ordered to "remain current with all assigned Coast Guard Mandated Training" and to engage in fitness activities for a minimum of 180 minutes per week. Doing so will help ensure your clients are prepared to re-enter the Academy, in the event that occurs. But to clarify, the training referenced does not refer to academic classes or formal military training. Coast Guard Mandated Training refers to online training that all Coast Guard personnel must complete at various intervals. One example would be a cyber-awareness training done annually in order to maintain access to Coast Guard computer systems. So your clients are not under an obligation to attend academic classes currently, remotely or otherwise. If your clients need assistance in accessing the required online trainings, let us know and we can coordinate with the Coast Guard to provide them with assistance.

Finally, to address your questions regarding the offer to provide the licensed Comirnaty vaccine to your clients, we are not able to provide you with photos of "proposed vials" because the services are not offering your clients any specific vial. Rather, they are offering your clients yet another chance to be vaccinated with Comirnaty, a fully licensed COVID-19 vaccine. The specific vial provided to your clients will vary depending on where and when they present for vaccination. At that time, your clients would, of course, have the opportunity to inspect the vial offered to them, and they may then consult with you and your colleagues about whether to accept the vaccine offered to them. Please ensure that this offer is conveyed to your clients.

Thanks,
Cassie
(202) 451-7729

---

**From:** Carol Thompson <CThompson@fedpractice.com>
**Sent:** Tuesday, August 23, 2022 11:39 AM
**To:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Lou Michels <lmichels@fedpractice.com>; mike@mikeroselawfirm.com; Ian Hargreaves <IHargreaves@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Cc:** Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Drake, Beth (USASC) <BDrake@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Communication with Coast Guard Academy

Cassie,

I reached out to legal at the Coast Guard Academy for the sole reason that the Coast Guard Commandant was stricken as a defendant in the amended complaint. If the government is willing to concede that the Coast Guard is represented in this matter by virtue of the Coast Guard cadets suing the Secretary of Defense, then we will continue to go through DOJ counsel.

In any event, I appreciate the follow up on the TDY pay/per diem.

I'd also like to discuss the possibility of these Cadets being able to attend classes and military training remotely. They were ordered to keep current when they were placed on TDY.

Finally, has there been any follow up on the request for pictures of the proposed vials for the Cost Guard and Military Academy cadets? With the now publicly available whistleblower complaint and Senator Johnson's request to DOD (both attached), we have grave concerns that the proposed vials are not in compliance with the approved supplemental BLA for COMIRNATY. Please advise on the government's position on this, and thank you.

Respectfully,

Carol Thompson



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission,

including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>
**Sent:** Tuesday, August 23, 2022 11:21 AM
**To:** Carol Thompson <CThompson@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; mike@mikeroselawfirm.com; Ian Hargreaves <IHargreaves@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Cc:** Knapp, Cody T. (CIV) <Cody.T.Knapp@usdoj.gov>; Drake, Beth (USASC) <Beth.Drake@usdoj.gov>
**Subject:** Communication with Coast Guard Academy

Hi Carol,

I understand from the Coast Guard Academy that you reached out to LCDR Abigail Miller yesterday evening regarding the current status of the USCGA cadet plaintiffs in *Clements*. I am writing to again request that such communications be routed through counsel (myself and my colleagues Beth Drake and Cody Knapp).

I will follow up soon with a response to your inquiries about TDY pay, travel expenses, and lodging.

If you have any other questions for officials at the USCGA, or if you would like to discuss any issues relating to this litigation, my colleagues and I can be available to you.

Thanks,
Cassie

**Cassie Snyder**
Trial Attorney
United States Department of Justice
Civil Division | Federal Programs Branch
Phone: (202) 451-7729