IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**Charleston Division**

| | |
|---|---|
| DEREK CLEMENTS, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 2:22-cv-02069-RMG |
| ) | |
| LLOYD J. AUSTIN, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## THIRD SUPPLEMENTAL FILING IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs, by and through counsel, respectfully submit this Third Supplemental Filing in Support of Plaintiffs' Motion for a Preliminary Injunction.

Plaintiffs filed their Reply in Support of Plaintiffs' Motion for a Preliminary Injunction on August 31, 2022. Plaintiffs' Counsel then supplemented this filing on two subsequent occasions, as Plaintiffs' Counsel were subsequently made aware of critically important additional documentation. For the same reasons, Plaintiffs again submit the above-captioned filing to update the Court with yet another critical material development.

On Friday, September 30, 2022, the plaintiffs in another case against the U.S. Coast Guard filed a status report, in which the plaintiffs indicated that the Coast Guard had agreed to defer any imminent separation of Coast Guard service members until at least December 2022. *See* Plaintiffs' Status Report at 1-2, *Jackson v. Mayorkas*, No. 4:22-cv-00825-P (N.D. Tex. Sep. 30, 2022), ECF No. 25 (Exhibit 1). The plaintiffs in this other case consist of 122 Coast Guard service members who face adverse discipline and/or separation on the basis of vaccination status.

The treatment agreed to by the Government in the *Jackson* case is wholly distinct from the abrupt and callous handling of U.S. Coast Guard Academy Cadet Plaintiffs in this case, who were separated a week prior on September 23, 2022.[1] Clearly, Defendant is treating the 122 putative class members in *Jackson* entirely differently from the 5 now-former Coast Guard Cadets in the above-captioned case.

The agreement to postpone any imminent removal against the plaintiffs in *Jackson* undermines one of Defendant's core defenses against Plaintiffs in the above-captioned case – namely that retaining unvaccinated service members presents such an immediate danger to other service members and to the mission of the military that the immediate removal of the cadets is warranted. Yet, in stark contrast to this position, the Coast Guard has agreed to postpone removal actions against an entire class of Coast Guard service members that includes 122 putative class participants.

Accordingly, Plaintiffs believe it is necessary to inform the Court of this critical development, as the contradictory actions taken by the Government with respect to different groups of Coast Guard plaintiffs reflects the unsustainable nature of Defendant's position in the pending Motion.

    Respectfully submitted,

    /s/ Michael T. Rose
Michael T. Rose (S.C. Bar No. 0004910)
Mike Rose Law Firm, PC
409 Central Ave.
Summerville, SC 29483
Telephone: (843) 871-1821
mike@mikeroselawfirm.com
*Local Counsel*

---

[1] The Government in the *Jackson* case is represented by at least one of the same Government counsel in this present action.

*/s/ Carol A. Thompson*
Carol A. Thompson
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com
*Admitted via Pro Hac Vice*

*/s/ John J. Michels, Jr.*
John J. Michels, Jr.
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
lmichels@fedpractice.com
*Admitted via Pro Hac Vice*

*Counsel for Plaintiffs*

3