1   Pritish Vora

2   27758 Santa Marg. Pkwy, #530

3   Mission Viejo, CA  92691

4   (949) 292-8359

5   Amicus Curiae, Pro Se

6

7

8

9                   **UNITED STATES DISTRICT COURT**

10              **FOR THE DISTRICT OF SOUTH CAROLINA**

11                        **CHARLESTON DIVISION**

12

13   DEREK CLEMENTS, et.al.,           Case No.: 2-22-cv-02069-RMG

14              Plaintiffs,            **AMICUS CURIAE BRIEF IN**

15        vs.                          **SUPPORT OF PLAINTIFFS'**

16   LLOYD J. AUSTIN III,              **MOTION FOR PRELIMINARY**

17              Defendant.             **INJUNCTION**

18

19                                     **Hon. Judge Richard M. Gergel**

20
     COMES NOW, Pritish Vora, Amicus Curiae, ("Amicus"), by way of Pro Se, files
21

22   with the Honorable Court his amicus curiae brief in the above referenced matter,

23
     and states as follows:
24

25                   **<u>INTEREST OF THE AMICUS CURIAE</u>**

26

27   Amicus Curiae submits this informational brief in support of the Plaintiffs DEREK

28   CLEMENTS, CADE CLOSTER, ZACH POKRANT, JAMES VASILIU,

JUDSON BABCOCK, ANDY BAUMANN, LANCE CAREY, JENNIFER HALL, CONNER WILBURN, JOSIAH BEGGS, AMELIA CASS, JAKE FORD, EZRA PAUL, CALEB PYM, RACHEL SHAFFER, AARON STAIGER, NATHAN SUESS, ROMAN PENNY, ANDREW WOJTKOW, NATHAN AIME, TABITHA AIME, SOPHIA GALDAMEZ, DANYA JOHNSON and JIN JOHNSON, (collectively, "Plaintiffs"), who are facing the order from the Secretary of the Department of Defense ("DoD") to become fully vaccinated with the experimental Covid-19 mRNA vaccine[1] or face disciplinary action. (Hereinafter for simplicity the order referred to as "the DoD mandate.").

Amicus provides information to this Court from publicly available sources found on the following sites, including, but not limited to, FDA.gov, CDC.gov, ARMY.mil, NIH.gov, and publicly available court filings on CourtListener.com via its RECAP archive, which are also available on PACER.gov, of relevant facts that warrant judicial notice,[2] and of facts that may escape the Court's consideration in determining the merits of the Plaintiffs' motion for preliminary injunction.

---

[1] Amicus uses the word "vaccine" for convenience, but wholly rejects the notion of the Covid-19 injections being "vaccines." They are not. These are novel therapeutics using mRNA technology (e.g., Pfizer-BioNTech, Moderna) that do not use a live or attenuated virus to stimulate an immune response. They are considered "biological products" and/or "drugs." Also, Janssen (i.e., J&J) and Novavax are NOT approved.

[2] See <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989). See also Fed. R. Evid. 201(c).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

This brief was not authored in whole or in part by counsel for any party in this case. Amicus has not received any monetary compensation to file this brief from any source, and does so at his own time, effort and expense. Amicus can observe objectively "The Purge" happening to the brave men and women of the Armed Forces, who are being systematically discharged, regardless of rank, for simply exercising their right to refuse an experimental drug.

Apparently, Amicus is not the only person taking notice, as a growing majority of the public is now aware, and on November 30, 2022, elected Senators wrote to House leaders to *"(1) prohibit the involuntary separation of a member of the Armed Forces based solely on a service member's COVID-19 vaccination status and to (2) reinstate those who may have already separated with back pay."* (See Exhibit 1). Also on November 30, 2022, Elected Governors wrote to House leaders, stating in part, *"Implementation of the mandate has placed our nation's military readiness at risk."* (See Exhibit 2). Each letter speaks for itself.

Amicus shall focus on two distinct parts (with listed relevant subparts) for the purpose of this brief and shall provide the Court with supporting references for each to warrant granting the preliminary injunction.

1. Defendant does NOT have "FDA-approved" licensed Covid-19 vaccines.

2. Defendant, is, in fact, mandating EUA ("Emergency Use Authorization") Covid-19 vaccines, which have shown to cause serious side effects.

## MEMORANDUM

The Court has authority to grant injunctive relief pursuant to the Federal Rules of Civil Procedure [F.R.Civ.P. 65] and review administrative decisions pursuant to the Administrative Procedures Act ("APA"). A reviewing court shall *"hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."* See 5 U.S.C. § 706(2)(A).

Unlike the majority of military vaccine mandate cases where Courts exercise extreme caution not to tread into internal military affairs, *this* case rests on whether or not a fully licensed Covid-19 vaccine was **available** at the time the DoD mandate *was made*, which is purely an inventory question. (Emphasis added). Indeed, it does not interfere with the *"complex, subtle, and professional decisions as to the composition, training, equipping and control of a military force,"* which the Supreme Court refers to as *"essential professional military judgments."* See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).

As the Supreme Court has repeatedly emphasized, *"it is difficult to conceive an area of government activity in which courts have less competence,"* See Gilligan v. Morgan, 413 U.S. 1, 10 (1973). However, by granting preliminary relief in *this* case, as stated, a reasonable factfinder does not need to intrude into military matters. As Amicus will show, Plaintiffs are likely to succeed on the merits.

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

As the 4th Circuit has stated, *["a temporary restraining order or a]*
*preliminary injunction shall be granted only if the moving party **clearly establishes***
***entitlement."*** See <u>Di Biase v. SPX Corp.</u>, 872 F.3d 224, 230 (4th Cir. 2017).
(Emphasis supplied). Plaintiffs are entitled to full and fair disclosure of informed
consent and ensure that their rights to informed consent are not violated. In a
nutshell, Plaintiffs have the option to either ACCEPT or to REFUSE when
presented with a choice on whether or not to receive an experimental injection. See
21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III). See <u>Doe v. Rumsfeld</u>, 2005 WL 1124589,
*1 (D.D.C. April 6, 2005) (allowing the use of anthrax vaccine pursuant to an EUA
*"on a voluntary basis"*).

Absent a Presidential waiver, Defendant Austin **lacks standing** to override
informed consent. (Emphasis added). See 10 U.S.C. § 1107(a). There is no
evidence on the record that Defendant Austin either sought (or received) a waiver.

Defendant complains that *"None of the Plaintiffs have properly exhausted*
*available intra-service remedies, and so all of their claims are not justiciable."*
(See ECF 41, Def. Op. at 18). Defendant is mistaken. The Plaintiffs' claims are
pending pursuant to the APA, for which the Plaintiffs are **not required** to exhaust
intra-service remedies to bring forth their valid claims. (Emphasis added). See
<u>Darby v. Cisneros</u>, 509 U.S. 137, 146-147 (1993) (noting that APA challenges to
final agency action do not require exhaustion unless the underlying law being

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

challenged has its own exhaustion requirement). Although many of the Plaintiffs have filed for Religious Accommodation Requests ("RAR"), and two have pending medical exemptions, the Plaintiffs here do not seek relief pursuant to the Religious Freedom Restoration Act ("RFRA") [42 U.S.C. § 2000bb-1 *et. seq.*]. Thus, the Court need not delve into the status of a pending RAR for the preliminary relief.

Defendant also complains that if the Court issues an injunction, it *"would squarely conflict with the Supreme Court's recent decision to partially stay a similarly injunction in Navy SEALs 1-26."* (See ECF 41, Def. Op. at 24). Once again, Defendant is mistaken. The Supreme Court in Navy SEALs 1-26 did not address the issue that the vaccines being offered to the Plaintiffs were all pursuant to an EUA, which by default cannot be mandated, because **the Plaintiffs in that case never made the claim to the trial court.** (Emphasis added). A strategic decision to attack the core issue is being addressed by counsel in *this* case.

Plaintiffs are masters of the Complaint. See <u>Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 23 (1913) *("Of course the party bringing the suit is master to decide what law he will rely upon.")*. For example, Navy SEALs 1-26 chose RFRA (and 1st Amendment), whereas the Plaintiffs here chose the APA and due process pursuant to the 5th Amendment. As the 6th Circuit cited in the recent <u>Doster</u> decision, *"[j]udges are not like pigs, hunting for truffles that may be buried in the record."* See <u>Dibrell v. City of Knoxville</u>, 984 F.3d 1156, 1163 (6th Cir. 2021).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

# I. <u>DEFENDANT HAS NO FDA-APPROVED COVID-19 VACCINES</u>

Amicus respectfully requests the Court to ponder the following question: What was the product being distributed through interstate commerce and **available** to the Armed Forces at the time the DoD mandate ***was made***? (Emphasis added).

As Plaintiffs stated, *"...a court must consider the record made before the agency **at the time the agency acted**."* See <u>Dow AgroSciences LLC, v. Nat'l Marine Fisheries Srv.</u>, 707 F.3d 462, 467-68 (4th Cir. 2013). (Emphasis supplied).

## a.   <u>The FDA terminated the marketing of COMIRNATY® on the same day that it granted the marketing of COMIRNATY®.</u>

A fact buried in the FDA record is that the licensed version of the Pfizer-BioNTech EUA product (i.e., COMIRNATY with a Purple Cap vial for those 16 and older) was NOT ever distributed through interstate commerce, because the product was NOT manufactured. Indeed, under "Marketing Information" of the FDA package insert, the "Marketing Start Date" is listed as August 23, 2021, **and** the "Marketing End Date" is *also* listed as August 23, 2021. (Emphasis added). (See Exhibit 3, page from FDA package insert for the original version of COMIRNATY). For the convenience of the Court, Amicus provides a screenshot of the Marketing Information part of the FDA package insert below:

**Marketing Information**

| Marketing Category | Application Number or Monograph Citation | Marketing Start Date | Marketing End Date |
|---|---|---|---|
| BLA | BLA125742 | 08/23/2021 | 08/23/2021 |

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

As counsel for Plaintiffs correctly states, the FDA "approved" the Biologics License Application ("BLA") to BioNTech GmbH on August 23, 2021. BioNTech is a company located in Mainz, Germany. The application number (which corresponds with the FDA package insert) is BLA125742. To clarify a misstatement consistently appearing on PACER docket entries, Pfizer did NOT receive approval, **BioNTech did**. (Emphasis added). Pfizer is simply an agent on behalf of BioNTech. This is clearly depicted in the application for the license which is a matter of public record. Indeed, troves of documents are available for public view from a FOIA lawsuit, including the original COMIRNATY label.[3] See PHMPT v. FDA, No. 4:21-cv-01058 (N.D. TX 2021).

Apparently, it appears that FDA.gov has "purged" the original package insert for COMIRNATY, as it is not searchable at FDA.gov or Archive.org. Fortunately, it is archived on the National Institutes of Health ("NIH") database servers, and also is a matter of public record. The link to the FDA package insert is at NIH.gov.[4] The Marketing Information is on the final page of the insert.

It was therefore *impossible* for any member to comply since the DoD mandate was made one day AFTER the FDA terminated the marketing of COMIRNATY, and the mandate requires licensed products with proper labeling.

---

[3] https://phmpt.org/wp-content/uploads/2022/07/125742_S2_M1_comvlabkz-vial-kzoo.pdf

[4] https://dailymed.nlm.nih.gov/dailymed/archives/fdaDrugInfo.cfm?archiveid=595377 (last visited Dec. 5, 2022).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

In another case, the military Plaintiffs filed a motion for an evidentiary hearing in the Northern District of Florida, referencing, among other relevant information, the above original package insert for COMIRNATY. See Coker v. Austin, No. 3:21-cv-01211-AW-HTC (N.D. Fla). ("Coker"). (See Coker, ECF 120).[5] The Court DENIED the motion. (The Plaintiffs have since filed a Third Amended Complaint in Coker, see ECF 129-1). It may be construed that such information qualifies as *"truffles buried in the record"* and should not simply be ignored to suppress the "harsh truths" pertaining to the DoD mandate.

**b.    An EUA label on a vial of a Covid-19 vaccine means what it says, and says what it means, "For use under Emergency Use Authorization." (i.e. unapproved).**

The Armed Forces (including Plaintiffs) had several Covid-19 vaccines available to them at the time Defendant Austin issued the DoD mandate; however, they were all experimental as depicted by the label. Therefore, the DoD was prohibited from mandating them on August 24, 2021 (or anytime thereafter). Each label has a corresponding National Drug Code ("NDC") identifier, which is easily cross-referenced by the FDA.gov and NIH.gov respective databases. For example, the NDC identifier for the Pfizer-BioNTech is 59267-1000. For Moderna, the NDC

---

[5] https://storage.courtlistener.com/recap/gov.uscourts.flnd.409961/gov.uscourts.flnd.409961.120.0.pdf (last visited Dec. 5, 2022).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

1  is 80777-273. For the convenience of the Court, Amicus provides a screenshot

2  below for each.

3  PFIZER-BIONTECH COVID-19 VACCINE- bnt162b2 injection, suspension

4
5
6
7
8  
9
10
11
12
13
14
15
16  
17
18
19
20

21
22      As the Court will see, neither of these vials with the EUA labels qualifies for

23  the DoD mandate. The Janssen, Novavax, and the newest "Bivalent booster" shots

24  are of no help to Defendant Austin to enforce the mandate either, as ALL are

25
26  pursuant to an EUA. The consistent theme for each of these products is the

27
28

corresponding EUA fact sheet, which states as follows: ***"Under the EUA, it is your choice to receive or not to receive the vaccine."*** (Emphasis added).

### c.    The *ipse dixit* claims by Defendant regarding  "BLA compliant," "Comirnaty-labeled" and "Spikevax."

Apparently realizing that Defendant could not enforce the mandate, the DoD began a series of "workarounds." (See, in general ECF 41, Def. Op.). The first being the "BLA compliant" vials of Pfizer-BioNTech BNT162b2. Under this hocus-pocus theory, the DoD would still mandate unlicensed and unapproved EUA vials of the Pfizer-BioNTech vaccine by simply calling it "BLA compliant." (i.e., the Pfizer-BioNTech vials with EUA labels subject to informed consent were promoted "as if" they were licensed vials of the non-existent COMIRNATY).

The term is a common theme by DoD when facing an injunction and was used by the respective Defense counsel on file in <u>Coker</u>. It was successful to mislead the Court in <u>Coker</u> to DENY the preliminary injunction.  However, the record is now more factually developed in <u>Coker</u>, and THIS Honorable Court should not be misled by such a term. The Court may wish to disregard it as *ipse dixit*. See also Amicus Brief, Dkt. 19, pages 6-8 in <u>Wilson et. al. v. Austin et. al.,</u> No. 4:22-cv-00438-ALM (E.D. TX).[6] (The Court in Texas accepted the filing).

---

[6]https://storage.courtlistener.com/recap/gov.uscourts.txed.214840/gov.uscourts.txed.214840.19.0.pdf

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

The next workaround was the "Comirnaty-labeled" vials. Plaintiffs have provided a thorough analysis to rebut this claim in their reply memorandum (ECF 45), which speaks for itself. The FDA package insert for the "Comirnaty-labeled" vial (i.e., Grey Cap, Tris/Sucrose version NDC 0069-2025, which does not require dilution) has **one**, **and only one**, FDA approved facility to manufacture, pack, and LABEL the vial. (Emphasis added). That facility is in Puurs, Belgium.[7] Defendant will fail to show (and cannot show), that the so-called "Comirnaty-labeled" vials being offered to Plaintiffs were manufactured in Belgium, rendering the vials more akin to a Hollywood special effect. "Comirnaty-labeled" is NOT "COMIRNATY" licensed, just as "Spikevax-labeled" is NOT "SPIKEVAX® licensed."

**d.    The American Medical Association ("AMA") does NOT list either COMIRNATY® or SPIKEVAX® on the list of respective inoculation codes for Covid-19 immunizations, because the products DO NOT EXIST.**

The AMA maintains a resource tool consisting of the existing NDC label identifiers for Covid-19 immunizations. As such, any person with access to a web browser may search the AMA site and look up every Covid-19 vaccine that is being distributed through interstate commerce and view the corresponding NDC label identifier in one place.[8]

---

[7] https://nctr-crs.fda.gov/fdalabel/ui/spl-summaries/criteria/391881 (last visited Dec. 5, 2022).

[8] https://www.ama-assn.org/find-covid-19-vaccine-codes (last visited Dec. 5, 2022).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

By way of example, the AMA lists Pfizer-BioNTech with NDC label 59627-1000, indicating that the product is an EUA (as shown in the screenshot earlier in the brief). For Moderna, the AMA deceptively lists it as "Moderna COVID-19 Vaccine/Spikevax" with NDC label 80777-273.  At first glance, the listing of "Spikevax" provides a person with a false impression that it is the LICENSED product.  However, the NDC label corresponds **to the EUA version**, as also shown in the screenshot in the brief. (Emphasis added).  Simply stated, there are NO licensed corresponding NDC labels of either COMIRNATY or SPIKEVAX on the list, because the products are NOT being marketed through interstate commerce.

Defendant will fail to show, and cannot show, that the members of the Armed Forces were provided with the FDA-approved, licensed version of the Covid-19 vaccines with proper structured product labeling.   Again, this indicates that if there are not any licensed versions NOW, then there were not any licensed versions **at the time that DoD issued the mandate on August 24, 2021**. (Emphasis added). In layman's terms, there is a simple phrase to describe this scenario: "A SHAM!"

The same holds true for the government website, Vaccines.gov, which does not have the ability to search for either COMIRNATY as a separate product or SPIKEVAX as a separate product.  The reason? The products DO NOT EXIST.

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

e.     **The Center For Diseases Control and Prevention ("CDC") does NOT have a Vaccine Information Statement ("VIS") for either COMIRNATY or SPIKEVAX, because neither licensed product is actually available.**

CDC.gov makes a clear differentiation between a VIS and an EUA fact sheet. Simply stated, a VIS is provided to a recipient who receives a licensed vaccine, and an EUA fact sheet is provided to a recipient who receives an unlicensed vaccine. On its site, the CDC states as follows: *"There is no VIS for COVID-19 vaccines authorized under an EUA. Instead, the FDA-issued EUA Fact Sheet for Recipient and Caregivers for each COVID-19 vaccine must be used."* [9]

Plaintiffs filed the declaration of Colonel Jennifer Hall (See ECF 45-8). ("Hall Decl."). Plaintiff Hall also provided a screenshot of the CDC disclosure. Plaintiff Hall states that *"the immunization clinic technician was unable to explain why the grey cap vial did not have a Vaccine Information Statement, required by the Air Force Instruction for licensed vaccines."* (See Hall Decl. at pg. 2).

Pursuant to Army Regulation 40-562, under section 2-7(a)(1), Immunization and chemoprophylaxis records, documents in an electronic immunization tracking system includes, but it is not limited to, **a VIS**. (Emphasis added).[10] However, since a licensed Covid-19 vaccine was never made available to the Armed Forces,

---

[9] https://www.cdc.gov/vaccines/covid-19/eua/index.html (last visited Dec. 5, 2022).
[10] https://armypubs.army.mil/epubs/DR_pubs/DR_a/pdf/web/r40_562.pdf (last visited Dec. 5, 2022).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

hence a VIS was not available to Plaintiff Hall, even though she asked to see it. AR 40-562 is a joint service regulation that also applies to the other Services. (See ECF 41, Def. Op. at n.1). In essence, nobody is getting a VIS. By way of comparison, and to put this in perspective, the FDA licensed vaccine available for Shingles contains a corresponding VIS, rather than an EUA fact sheet.[11]

## II. THE EUA COVID-19 VACCINES HAVE SIDE EFFECTS

Time and again, in District Court upon District Court, any Defendant supporting a "one-size-fits-all" Covid-19 vaccine mandate, including Defendant Austin, will often parrot the "CNN-driven" rhetoric that the Covid-19 vaccine is "safe and effective." First of all, the phrase "safe and effective" is a statutory term (i.e., legal), and ONLY applies to licensed vaccines. Pursuant to the EUA, it states that the product *"may be effective"* in treating or preventing the disease. See 21 U.S.C. § 360bbb-3(c)(2)(A). Based on logic and common sense, if a product "may be effective," then it also "may **NOT** be effective." (Emphasis added).

a.    **The Vaccine Adverse Reporting System ("VAERS") shows that the Covid-19 EUA vaccines have short-term deleterious side effects, which include, but is not limited to, DEATH.**

---

[11] https://www.cdc.gov/vaccines/hcp/vis/vis-statements/shingles-recombinant.pdf (least visited Dec. 5, 2022).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

The VAERS database is available in the public domain through various channels, including Vaers.HHS.gov,[12] OpenVaers.com,[13] and MedAlerts.org.[14] Regarding VAERS, the EUA fact sheet for vaccine providers (i.e., the ones who administer the Covid-19 vaccines) for the Pfizer-BioNTech EUA vaccine states as follows, in part: *"It is MANDATORY for vaccination providers to report to the Vaccine Adverse Reporting System (VAERS) all vaccine administration errors, all **serious adverse events**, cases of Multisystem Inflammatory Syndrome (MIS) in adults and children, and hospitalized or fatal cases of COVID-19 **following vaccination** with the Pfizer-BioNTech COVID-19 Vaccine."* [15] (See n.15, pg. 26). (Emphasis added). Obviously, the phrase "following vaccination" speaks for itself, and is undisputable. The recent stats from VAERS are attached as Exhibit 4.

On page 14 of the EUA fact sheet, the "serious adverse events" are defined as: Death; A life-threatening adverse event; Inpatient hospitalization or prolongation of existing hospitalization; A persistent or significant incapacity or substantial disruption of the ability to conduct normal life functions; A congenital anomaly/birth defect; An important medical event that based on appropriate medical judgment may jeopardize the individual...". (See n.15 at pg. 14).

---

[12] https://vaers.hhs.gov/ (last visited Dec. 5, 2022).

[13] https://openvaers.com/ (last visited Dec. 5, 2022).

[14] https://medalerts.org/index.php (last visited Dec. 5, 2022).

[15] https://www.fda.gov/media/153713/download (last visited Dec. 5, 2022).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

As much as Defendant Austin and his agents may try and "poo-poo" the VAERS data and/or the potential side-effects that may occur to members of the Armed Forces (or to the public at large), the side-effects are real, and NOT rare.

Amicus respectfully requests the Court to take judicial notice of a letter sent by Senator Ron Johnson (R-WI), to Defendant Austin on February 1, 2022. (See Exhibit 5). The letter cites the Defense Medical Epidemiology Database (DMED), and it speaks for itself. It is unknown whether Defendant Austin responded to the request by Sen. Johnson regarding increases in registered diagnoses of miscarriages, cancer or other medical conditions in 2021 compared to the five-year average from 2016-2020.

Mandating an experimental Covid-19 vaccine that has unknown long-term effects for a mostly healthy Armed Forces appears to weaken the military, **NOT** strengthen it. (Emphasis added). Defendant Austin could have, but chose not to, rescind the mandate upon NOTICE by Sen. Johnson of the increased diagnoses of adverse events being reported to the DMED. Defendant Austin could have, but chose not to, rescind the mandate upon NOTICE of the whistleblower affidavit. (See ECF 45-1). Defendant Austin could have, but chose not to, rescind the mandate upon NOTICE of the FDA.gov Purple book database showing no product was "interchangeable" with COMIRNATY. (See ECF 45-22). Defendant Austin cannot be rewarded for his malfeasance by a denial of the preliminary injunction.

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

# SUMMARY

As this Court has opined, a preliminary injunction is granted as a remedy when *"Plaintiffs, having made a clear showing that they will likely succeed on the merits"...are entitled to preliminary injunctive relief only if they can also make a "clear showing" that they are "likely to be irreparably harmed absent preliminary relief," that the balance of equities tips in their favor and that preliminary relief is in their public interest."* See <u>US v. South Carolina</u>, 840 F.Supp. 2d 898, 924 (D.S.C. 2011) (Gergel, R.).

Plaintiffs survive all four factors to warrant relief. Whether or not a fully approved, licensed Covid-19 vaccine with proper structured product labeling was available at the time Defendant Austin issued the DoD mandate rests on a factual dispute, and thus does not require this Court to extend great deference to the military to grant Plaintiffs the relief they seek. Indeed, a simple way to address (and resolve) this issue is through the factual evidence on the record found in the publicly available documents and/or through an evidentiary hearing.

Defendant claims that Plaintiffs' claims are not justiciable, that Plaintiffs will not succeed on the merits, and that Plaintiffs' claims are moot. (See, in general, ECF 41). Unfortunately for Defendant, a "Comirnaty-labeled" vaccine made in an unapproved facility with an FDA label does not magically become **available** "as if" it is an "FDA-approved" vaccine because of the *ipse dixit* of

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

defense counsel. (Emphasis added). Besides, the Defendant made a binding judicial admission to this Court (and other Courts) that "On May 20, 2022, COMIRNATY-labeled became available for ordering." (See ECF 41 at 15). So then, the logical question becomes: what product *was orderable* when the DoD mandate was made? This is the crux of the Plaintiffs' position to warrant immediate relief, which only preserves the status quo during the ongoing litigation.

The DoD mandate clearly says, *"Mandatory vaccination against COVID-19 will only use COVID-19 vaccines that receive full licensure from the Food and Drug Administration (FDA), in accordance with FDA-approved labeling and guidance."* However, Defendant convolutes the issue by stating *"While EUA vaccines may satisfy the DoD's vaccination requirement, EUA vaccines are not mandated."* (See ECF 41 at 24). **But wait a minute! The DoD mandates licensed vaccines, so an EUA vaccine cannot "satisfy the DoD's vaccination requirement."** (Emphasis added). The Armed Services may choose to *voluntary* take an EUA shot. The DoD cannot take adverse action if a member says "no."

Plaintiffs are already suffering irreparable harm from a danger that is actual or imminent (i.e., being *coerced* into an unwanted medical experiment by either taking the EUA Covid-19 jab that has virtually ZERO recourse for damages for serious adverse effects or losing their military careers simply because they chose their lawful option to refuse). (See exhibits, ECF 45-1 to 45-21).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

The Supreme Court has ruled that for a Court to have subject matter jurisdiction, it only requires <u>one</u> of the plaintiffs to have standing. See <u>Horne v. Flores</u>, 557 U.S. 433, 446 (2009). Being discharged from the miliary can certainly cause emotional distress. Defendant is not prejudiced by an injunction, thus the balance of equities tips in Plaintiffs' favor. The injunction also tips in the *public's* favor. Indeed, NO reasonable person wants any member of the armed forces discharged for simply refusing an experimental drug, especially cadets who are just embarking on their military careers.

An evidentiary hearing allows the Plaintiffs to further develop the factual record which will assist the Court in ruling on the merits. (See ECF 47). Even without a hearing on the motion, the Court may conclude from the publicly available record that the DoD mandate is void *ab initio*, with the proper remedy being *vacatur* of ALL prior infractions against the members of the Armed Forces who faced penalty for allegedly "disobeying a lawful order."

As Amicus stated in his initial brief in <u>Coker</u>, which was accepted for filing, *"if a Constitutional Republic has an Executive Branch that knowingly and willfully goes rogue by impinging upon the guaranteed freedoms of the people under the guise of "safety and protection," then the last bastion of hope is **a strong-willed judiciary** to provide a remedy for those seeking justice to redress a grievance."* (Emphasis added). (See <u>Coker</u>, Dkt. entry 66-1 at 22:22-28).

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

## CONCLUSION

Based on the foregoing, it is **_Defendant Austin_** who **failed to exhaust his intra-military remedies** by failing to seek the adequate remedy available to him (i.e., a Presidential waiver pursuant to 10 U.S.C. § 1107(a) to override informed consent). (Emphasis added).[16] Thus, it is Defendant Austin who lacked any legitimate compelling government interest to invoke the DoD mandate when there were no FDA-approved, licensed Covid-19 vaccines available.

Given the Court's inherent power to manage its docket, and pursuant to F.R.Civ.P. 65, this case is perfectly ripe for an injunction, as the current political attempt calling for an end to the mandate does not defeat the Plaintiffs' arguments.

WHEREFORE, Amicus respectfully requests that the Court GRANT Plaintiffs' second motion for preliminary injunction (ECF 34). If the Court decides that a prior hearing is warranted, then Amicus respectfully requests that the Court GRANT Plaintiffs' scheduling request for a hearing (ECF 47).

Respectfully submitted on this day of: _Dec, 7, 2022_

By: _Pritish Vora_

Pritish Vora, Amicus Curiae, Pro Se

---

[16] Of course, by seeking such waiver, the DoD would in effect agree, affirm and admit that there is NO licensed Covid-19 vaccine available, since the waiver is applicable _for an EUA product._

## CERTIFICATE OF SERVICE

I, Pritish Vora, Amicus Curiae, hereby certify that I sent the Amicus Brief with the referenced five (5) Exhibits to the Clerk of the Court via FedEx on December 7, 2022, with copies sent to each of the respective parties below via U.S. first class mail, postage prepaid.

Respectfully submitted by:

Pritish Vora, Amicus Curiae, Pro Se
27758 Santa Marg. Pkwy #530
Mission Viejo, CA 92691
(949) 292-8359
pvora2112@gmail.com

Attorneys for the Plaintiffs:

Michael T. Rose (S.C. Bar No. 004910
Mike Rose Law Firm, PC
409 Central Ave.
Summerville, SC 29843
Telephone: (843) 871-1821
mike@mikeroselawfirm.com

John J. Michels, Jr.
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
lmichels@fedpractice.com

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se

Attorneys for the Defendant:


Cassandra Snyder (DC #1671667)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. St. NW
Washington, D.C. 20005
Telephone: (202) 451-7729
cassandra.m.snyder@usdoj.gov

Beth Drake (#5598)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone: (803) 929-3061
Beth.Drake@usdoj.gov

AMICUS CURAIE BRIEF OF PRITISH VORA, Pro Se