IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derek Clements, *et al.*, | ) |
| | ) |
|      Plaintiffs, | ) |
| | )   C.A. No. 2:22-2069-RMG |
|      vs. | ) |
| | ) |
| Lloyd J. Austin, III, Secretary of Defense, | ) |
| | )   **ORDER** |
|      Defendant. | ) |
| | ) |

The Court has before it Plaintiffs' first and second motions for a preliminary injunction. (Dkt. Nos. 4, 34).[1] Defendant filed responses in opposition and Plaintiffs filed a reply. (Dkt. Nos. 20, 36, 38). Plaintiffs' second motion for a preliminary injunction followed the submission of the First Amended Complaint, which narrowed Plaintiffs' claims to three causes of action under the Administrative Procedures Act and dismissed all Defendants except Secretary Austin. (Dkt. Nos. 32, 33). The amended complaint sought a declaration that the Department of Defense's COVID-

---

[1] Plaintiffs' first complaint asserted claims on behalf of 24 plaintiffs from five different states under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 *et seq.*, the First Amendment, and the Administrative Procedures Act, 5 U.S.C. § 551 *et seq*. (Dkt. No. 1). Plaintiffs moved for a preliminary injunction enjoining the enforcement of the Department of Defense's COVID-19 vaccine mandate. (Dkt. No. 4). The Court thereafter issued an order severing the claims of each plaintiff because each required a fact intensive examination of an extensive administrative record which would have required 24 separate mini-trials. (Dkt. No. 22). The Court then dismissed without prejudice 24 of the 28 claims from out of state plaintiffs because of a lack of venue in the District of South Carolina. (*Id*. at 6). Plaintiffs then moved, with the consent of the Defendants, to amend their complaint by narrowing the suit to claims only under the Administrative Procedures Act and dismissing all defendants except Secretary Austin. The Court granted that motion. (Dkt. No. 32). The second motion for preliminary injunction (Dkt. No. 34) then followed. Based upon this procedural history, the Court denies Plaintiff's first motion for preliminary injunction as moot (Dkt. No. 4).

1

19 vaccination mandate was "arbitrary, capricious, unlawful, and unconstitutional" and requested injunctive relief to enjoin the enforcement of the Department's vaccine policy. (Dkt. No. 33 at 21). The second motion for a preliminary injunction sought to enjoin Defendant from enforcing the Department of Defense's COVID-19 vaccination policy. (Dkt. No. 34).

Plaintiffs submitted a supplemental filing on January 9, 2023, advising the Court that a recently adopted statute required the Armed Forces to rescind the Department of Defense's vaccine mandate and that the Department of Defense had issued guidance indicating an intent to rescind its vaccination mandate. (Dkt. Nos. 55, 55-1). Considering these developments, Plaintiffs' second motion for preliminary injunction is now moot.

Plaintiffs asserted in their recent supplemental filing that they now seek "restorative preliminary injunctive relief" and request their reinstatement to their former positions. The newly stated requests for relief, asserted for the first time in the last paragraph of a supplemental filing, far exceeds any prayer for relief set forth in the Amended Complaint or in the second motion for preliminary injunction. If Plaintiffs seek to assert new claims and/or prayers for relief beyond those previously pled, they need to move to amend their complaint and clearly set forth any new claims and the relief they seek to assert.

## Conclusion

Plaintiffs' first and second motions for a preliminary injunction (Dkt. Nos. 4, 34) are **DENIED** as moot.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 7, 2023

3