IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

| | |
|---|---|
| DEREK CLEMENTS, *et al.*,   )<br>          )<br>     Plaintiffs )<br>          )<br>     v.     )<br>          )<br>LLOYD J. AUSTIN, III,    )<br>          )<br>     Defendant.   )<br>          ) | Civil Action No. 2:22-cv-02069-RMG |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, by and through counsel, submit this Motion for Reconsideration pursuant to Fed. R. Civ. P. 59 and Fed R. Civ. P. 60. Plaintiffs ask that the honorable Court reconsider its March 7, 2023, Order dismissing Plaintiffs' Second Motion for a Preliminary Injunction for mootness. If this motion is denied, then Plaintiffs will seek leave to amend and/or supplement their complaint.

## ARGUMENT

Plaintiffs file this Motion for Reconsideration to respectfully notice the Court of errors in the Court's March 7, 2023, Order. First, the Court erred in recounting the contents of Plaintiffs' First Amended Complaint and Plaintiffs' Second Motion for a Preliminary Injunction. Second, the Court erred in finding mootness given the "intent" of Defendant to issue reinstatement guidance, because Defendant has not yet confirmed that reinstatement is guaranteed. Six Plaintiffs—N. Aime, T. Aime, S. Gonzalez, D. Johnson, J. Johnson, and N. Suess—have not yet been restored to their previous cadet status and/or commissioned pursuant to Defendant's

COVID-19 vaccine mandate recission order. Accordingly, each of the above Plaintiffs retains a live injury-in-fact redressable by the Court, so long as they remain in discharged status.

### I.    Legal Standard

Reconsideration of an order is governed by Rules 59(e) and 60. These Rules lay out the requirements to correct or seek relief from a judgment or order that is made in error. *See Robinson v. Wix Filtration* Corp. LLC, 599 F.3d 403, 420 (4th Cir. 2010); *Katyle v. Penn. Nat. Gaming., Inc.*, 637 F.3d 462, 470 (4th Cir. 2011); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). The Fourth Circuit determined that reconsideration is warranted in cases involving three specific situations:

> We have consistently recognized, however, three bases for amending a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins.*, 148 F.3d at 403; *see also EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (same); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (same). It is the second aspect of the third factor—to "prevent manifest injustice"—that is implicated by this appeal.

*Robinson*, 599 F.3d at 420. The existence of just one of these factors "virtually mandate[s]" a decision to reconsider. *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

### II.    Court's Error in Assessment of Plaintiffs' Filings

Plaintiffs ask the Court to reconsider its Order dismissing Plaintiffs' motions for mootness. In the final paragraph of its Order, the Court states:

> Plaintiffs asserted in their recent supplemental filing that they now seek "restorative preliminary injunctive relief" and request their reinstatement to their former positions. The newly stated requests for relief, asserted for the first time in the last paragraph of a supplemental filing, far exceeds any prayer for relief set forth in the Amended Complaint or in the second motion for preliminary injunction. If Plaintiffs seek to assert new claims and/or prayers for relief beyond

> those previously pled, they need to move to amend their complaint and clearly set forth any new claims and the relief they seek to assert.

[Doc 57].

Plaintiffs' First Amended Complaint presents a straightforward Administrative Procedure Act ("APA") case against a single Defendant, Secretary of Defense Austin. Plaintiffs alleged in their First Amended Complaint [Doc 33], that DoD had issued an unlawful order, which threatened immediate harm to Plaintiffs. Specifically, Plaintiffs pleaded that "Defendant Secretary of Defense Austin's purposeful violation of federal law when issuing these orders renders the order arbitrary and capricious" and "Because the mandate is arbitrary, capricious, and unlawful, this Court should enjoin the Defendants and their respective component services from enforcing it." [Doc 33] at 19.

Shortly after filing their First Amended Complaint, Plaintiffs filed a second motion seeking preliminary injunction, titled "Plaintiffs' Second Motion For A Temporary Restraining Order And Preliminary Injunction." [Doc 34]. Plaintiffs advised the Court of the disenrollment of the U.S. Coast Guard Academy ("USCGA") Cadet Plaintiffs and asked the Court to prevent any further adverse action from being taken, stating "All Plaintiffs ask for in this motion is to return the relationships between Defendants and Plaintiffs to the status quo ante, before the implementation of the unlawful vaccine mandate and subsequent implementation orders." [Doc 34] at 23. In addition, Plaintiffs addressed the imminent possibility that Plaintiffs, especially some or all of the Cadets, would be separated.[1] [Doc. 34] at 23, n. 33. Specifically, Plaintiffs asked that:

---

[1] Plaintiffs' concerns were ultimately prophetic, since the 5 USCGA Cadets were in fact separated from the Coast Guard on September 23, 2022, after which Plaintiffs promptly updated the Court by submitting Plaintiff's Second Supplemental Filing. [Doc. 49] Plaintiffs'

> Alternatively, should any Plaintiffs be disenrolled or separated prior to a decision on this motion, this Court does in fact have the authority to issue a restorative preliminary injunction. *See Di Biase*, 872 F.3d at 231 ("But a preliminary injunction can also act to restore, rather than merely preserve, the status quo, even when the nonmoving party has disturbed it") (citing *Aggarao v. MOL Ship Management Co., Ltd.*, 675 F.3d 355, 378 (4th Cir. 2012)); *see also Savoie v. Merchants Bank*, 84 F.3d 52, 59 (2d Cir. 1996). The reach of this restorative injunctive authority would inherently extend to the military, as while there are only a few limited areas in which a court can order injunctive relief against the military, restoring a service member to their previous position following the improper application of separation procedures is squarely within the court's authority and discretion. *See, e.g., Hoskins v. United States*, 40 Fed. Cl. 259 (1998); *Poole v. Rouke*, 779 F. Supp. 1546 (E.D. Cal. 1991).

*Id.*

In summary, Plaintiffs pleaded in their First Amended Complaint that Defendant had issued an unlawful order and asked the Court to enjoin Defendant from enforcing it. Plaintiffs then motioned the Court for a temporary restraining order and a preliminary injunction, asking the Court to enjoin Defendant from enforcing the unlawful order. Plaintiffs also asked, in the alternative, for the Court to issue restorative relief if any Plaintiff were to be separated prior to resolution of the case.

Accordingly, Plaintiffs did not raise "newly stated requests for relief, asserted for the first time in the last paragraph of a supplemental filing." Restorative relief was contemplated and addressed in Plaintiffs' First Amended Complaint and in Plaintiffs' second preliminary injunction motion. Plaintiffs therefore respectfully note that the Court's assessment is in error. Plaintiffs respectfully note further that this erroneous assessment is a ground for dismissing Plaintiffs' preliminary injunction request.

---

supplemental filings were intended only to inform the Court of new factual developments. Any reference to restorative action was simply to ground and respectfully remind the Court of what Plaintiffs sought in filing their second preliminary injunction motion.

### III.   A Substantial Subset of Plaintiffs Has Not Yet Been Reinstated, Nor Have Plaintiffs Received Any Guarantee of Reinstatement, and Therefore Retain a Live, Non-Moot Threat of Injury

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Dismissal for mootness must meet the heavy burden of showing that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000). Notably, the Fourth Circuit has found that this burden is not met if a defendant retains the authority to reinstate a challenged policy. *Pashby v. Delia*, 709 F.3d 307, 316-17 (4th Cir. 2013).

The Court found that the motion for preliminary relief was moot, on the basis that Defendant indicated "intent" to reinstate individuals separated for COVID-19 vaccine refusal. [Doc. 57] Defendant and its component agencies, however, have not yet determined whether or how they will reinstate any discharged or separated service members or cadets, and there is certainly no guarantee that they will be reinstated. Defendant maintains that separation was lawful, on the basis that the order was allegedly lawful at the time it was issued. Defendant thus maintains that any reinstatement or any other forms of relief are not required and suggests that any reinstatement action is a form of grace, to be determined on an individual basis.

Six Plaintiffs—N. Aime, T. Aime, S. Gonzalez, D. Johnson, J. Johnson, and N. Suess—have not yet been restored pursuant to Defendant's COVID-19 vaccine mandate recission order. While Defendant's component services, USCGA and USAFA, have indicated there is a possibility to reinstate or commission the respective cadets, Defendant has *not* guaranteed any such action. To the contrary, the USCGA has: (1) repeatedly reminded Plaintiffs that readmission is "not a guarantee," (2) indicated that reinstatement shall be determined by the

Coast Guard Academy Readmission Panel, which retains full discretion to deny readmission, and (3) informed Plaintiff cadets that any reinstatement will need to be preceded by a fully completed application, which each USCGA Cadet Plaintiff will need to submit to the USCGA, and in which Plaintiffs must specifically address how their previous shortcomings will not reoccur.[2] *See* Exhibits 1, 2. In short, readmission is far from guaranteed. Up until each Cadet is restored to their previous position, each Cadet retains a live, non-moot injury in fact as a result of refusing to comply with an unlawful order.[3]

Accordingly, because each of these named Plaintiffs retains a live injury, and because there is a distinct potential that Plaintiffs will not receive redress, the preliminary injunction motion is not moot. *See Pashby*, *supra*. Therefore, Plaintiffs ask the Court to reconsider its Order to prevent manifest injustice and to correct an error of law.

## CONCLUSION

Plaintiffs satisfy the Rule 59 and Rule 60 standards governing reconsideration, because Plaintiffs possess a live, non-moot potential for injury, which contradicts the finding of mootness, and because the Court's assessment of Plaintiffs' representations in previous filings is inaccurate. Accordingly, Plaintiffs request this Court grant their Motion for Reconsideration and their Second Motion for Preliminary Injunction seeking, *inter alia*, restorative action.

---

[2] "If applicable, describe how you have improved and remediated any deficiencies that may have led to your disenrollment." Exhibit. 2.

[3] Arguably, to be made whole, Cadets should be accommodated beyond reinstatement. Defendant should be made to pay backpay and should either backdate each Cadet's commission date so that they technically remain on the same level of their peers or should provide Cadets with an accelerated class schedule so that they can catch up to their peers. *See, e.g., Palmer v. United States*, 168 F.3d 1310, 1313–14 (Fed. Cir. 1999) (Full-time service members are "entitled" to retroactive "pay and allowances attributable to their rank and station […] if wrongfully denied.").

Respectfully submitted,

*/s/ Michael T. Rose*
Michael T. Rose (S.C. Bar No. 0004910)
Mike Rose Law Firm, PC
409 Central Ave.
Summerville, SC 29483
Telephone: (843) 871-1821
mike@mikeroselawfirm.com
*Local Counsel*

*/s/ Carol A. Thompson*
Carol A. Thompson
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com
*Admitted by Special Admission*

*/s/ John J. Michels, Jr.*
John J. Michels, Jr.
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
lmichels@fedpractice.com
*Admitted by Special Admission*
*Counsel for Plaintiffs*