IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derek Clements, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action Number: 2:22-cv-02069-RMG |
| | ) |
| Lloyd J. Austin, III, Secretary of Defense, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF DISMISSAL**

Based on a directive from Congress, Defendant has rescinded the COVID-19 vaccination policy challenged in this case. As a result, Plaintiffs are no longer required to become vaccinated, the military services are working where appropriate to reverse adverse actions, and service members who were discharged pursuant to the prior policy may now apply for re-enrollment in their respective services. Plaintiffs still "may desire that [this Court] 'render an opinion to satisfy their demand for vindication,'" but "that is insufficient to justify federal judicial resolution." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 389–90 (4th Cir. 2017) (quoting *Norfolk. S. Ry. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)). And the Court otherwise lacks jurisdiction to review Plaintiffs' general concerns about speculative future conditions on their further military service.

Nothing in Plaintiffs' opposition brief alters that conclusion. The post-rescission remedies that Plaintiffs now press for are beyond the scope of their complaint or otherwise unavailable. And no exception to mootness can sustain this action for injunctive relief. Accordingly, the Court should dismiss the case as moot.

**I.     Plaintiffs do not need relief from the now-rescinded COVID-19 vaccination policy.**

Plaintiffs insist that they "retain live claims which were clearly incorporated into Plaintiffs' claims," Pls.' Opp'n, ECF No. 64, at 3, but their insistence does not make it so. The specific relief they sought—a declaration that the challenged vaccination policy was unlawful, and an injunction against its implementation, *see* Am. Compl., ECF No. 33, at 21—became unnecessary when Defendant "removed the policy at which the requested relief was directed." *Colonel Fin. Mgmt. Off. v. Austin*, Nos. 8:22-cv-1275-SDM-TGW & 8:21-cv-2429-SDM-TGW, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2023); *cf. Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (where the plaintiffs "have emphasized that they seek only to be treated the same as other service members who decline to be vaccinated against COVID-19[, the] statute and implementing memoranda afford them the requested relief"). That was the full extent of relief that Plaintiffs requested, as this Court has already confirmed. *See Clements v. Austin*, No. CV 2:22-2069-RMG, 2023 WL 2386118, at *1 (D.S.C. Mar. 7, 2023). And when the specific relief sought in a counseled plaintiff's complaint can no longer be awarded, a court is under no obligation to construe a generic request for "any further relief" the court might "deem[]" appropriate, Am. Compl. at 21, to sustain an otherwise moot case. *See Edmond v. Raemisch*, 593 F. App'x 761, 765 (10th Cir. 2014) ("In addition to requesting declaratory and injunctive relief, the complaint did generally request all other appropriate relief, but the district court was not obligated to construct an argument for nominal damages for him."); *cf. Clements*, 2023 WL 2386118, at *1 ("Plaintiffs asserted in their recent supplemental filing that they now seek 'restorative preliminary injunctive relief' and request their reinstatement to their former positions. The newly stated requests for relief, asserted for the first time in the last paragraph of a supplemental filing, far exceeds any prayer for relief set forth in the Amended Complaint or in the second motion for preliminary injunction.").

2

Even if Plaintiffs were correct that the sorts of post-rescission remedies they now seek—"[b]ackpay, restoration to certain positions and ranks, and record corrections," Pls.' Opp'n at 3–4—were "clearly incorporated" into their amended complaint, *id.* at 3, that would not save this case from mootness because those remedies are unavailable.[1] Plaintiffs assert each of their claims under the Administrative Procedure Act, but "backpay is not an available remedy under the APA." *Beberman v. Blinken*, 61 F.4th 978, 982 (D.C. Cir. 2023). Nor can they receive a court-ordered retroactive promotion, or restoration to a prior position through the APA. *See Randall v. United States*, 95 F.3d 339, 348 (4th Cir. 1996); *Alford v. Mabus*, No. 7:14-cv-195-D, 2015 WL 3885730, at *3 (E.D.N.C. June 23, 2015) (APA review precluded where military plaintiff "essentially claims that he was wrongfully discharged and is entitled to back pay, an honorable discharge, and restoration or promotion of rank"), *aff'd*, 622 F. App'x 249 (4th Cir. 2015).[2] Far from demonstrating that Plaintiffs may yet obtain relief in this Court, Plaintiffs' invocation of the Court of Federal Claims' authority to award remedies of this sort, *see* Pls.' Opp'n at 3 n.3, only confirms the unavailability of any practical relief in this case. *See Coleman v. Wilson*, No. 5:17-CV-96-RJC-DSC, 2018 WL 3326845, at *2 (W.D.N.C. Mar. 2, 2018), *report & recommendation adopted*, 2018 WL 1586705 (W.D.N.C. Apr. 1, 2018) (citing *James v. Caldera*, 159 F.3d 573, 579 (Fed. Cir. 1998)). And while a plaintiff may seek correction of military records under certain

---

[1] Plaintiffs do not appear to dispute that these forms of relief are only sought by a limited number of plaintiffs. *See* Pls.' Opp'n at 4–5 (discussing relief for discharged cadets). So as Defendants have argued, all other Plaintiffs should be dismissed from this case. *See* Defs.' Br., ECF No. 62, at 20–21.

[2] To the extent Plaintiffs claim injury from Defendant's failure to "guarantee" reinstatement, *see* Pls.' Opp'n at 5, the Court should note Plaintiffs' own role in precluding swift reinstatement. In particular, the Coast Guard cadet Plaintiffs have paired their requests for reinstatement at the Coast Guard Academy with a number of unreasonable conditions—including the receipt of unearned degrees at taxpayer expense, assignment to preferred billets, personalized letters of apology, and reimbursement of attorneys' fees.

circumstances, *see Randall*, 95 F.3d at 347, these Plaintiffs have not exhausted required administrative procedures, nor identified any records they believe should be corrected. *See Williams v. Wilson*, 762 F.2d 357, 359–60 (4th Cir. 1985). In any event, Defendants are already updating military records to remove adverse personnel records that reflect non-compliance with the rescinded vaccination policy. *See* Decl. of Aaron J. Casavant, ECF No. 62-2, ¶ 2; Decl. of Beth A. Claude, ECF No. 62-5, ¶ 3; Sec'y of the Army Memo (Feb. 24, 2023), ECF No. 62-12, ¶ 3b; HQDA EXORD 174-23 (Mar. 7, 2023), ECF No. 62-9, ¶ 3.C.1.C. With no further relief available to them, Plaintiffs' claims are moot, and their case should be dismissed.

**II.     The voluntary-cessation exception to mootness does not apply.**

To escape mootness, Plaintiffs argue that "the persisting threat of reinstatement of a challenged policy is enough to prevent" dismissal under the voluntary-cessation exception to mootness, Pls.' Opp'n at 5, but they are wrong. As the Fourth Circuit has recently affirmed (in controlling precedent that Defendant previously cited, *see* Defs.' Br. at 15, but which Plaintiffs simply ignore), the government's "mere ability to reimpose challenged restrictions is *not enough*" to defeat mootness. *Eden, LLC v. Justice*, 36 F.4th 166, 172 (4th Cir. 2022) (emphasis added). Rather, Plaintiffs must substantiate their allegation that they remain "at risk of being affected by a resurgent COVID-19 vaccination mandate." Pls. Opp'n at 5; *see also Eden*, 36 F.4th at 172 (requiring a "'factual inquiry' into the actual 'likelihood of recurrence of the offending behavior'" (citation omitted)). But all they offer is say-so. *See, e.g.*, Pls.' Opp'n at 5–6. Plaintiffs' self-serving arguments are hardly sufficient to rebut the growing judicial consensus that "recurrence of the military's challenged conduct seems . . . remote and implausible." *Colonel Fin. Mgmt. Off.*, 2023 WL 2764767, at *2; *see also Roth*, 62 F.4th at 1119; *Navy SEAL 1 v. Austin*, No. 22-5114,

4

2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *rehr'g en banc denied*, 2023 WL 2795667 (D.C. Cir. Apr. 4, 2023).

Contrary to Plaintiffs' arguments, it should make no difference to this Court's mootness analysis that "Defendant maintains that the separations were proper." Pls.' Opp'n at 6. As another district court has found in this precise context, "the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct." *Col. Fin. Mgmt. Off.*, 2023 WL 2764767, at *2. Nor does it matter that "the NDAA rescission, by design, did not address future COVID-19 mandates." Pls.' Opp'n at 7 n.5. The mere possibility that *some* personnel might *some*day be subject to a more limited COVID-19 vaccination requirement applicable to *some* assignment or operation cannot sustain Plaintiffs' claims here against a now-defunct requirement. *Cf. Allied Home Mortg. Corp. v. HUD*, 618 F. App'x 781, 787 (5th Cir. 2015) (per curiam) (noting that "[t]he potential for a future dispute of another nature, presenting other issues, is immaterial" to voluntary-cessation analysis). Because there can be no reasonable expectation that the Coast Guard will subject these Plaintiffs to the same allegedly unlawful policy in the future, this case is not exempt from the normal principles of mootness that require its dismissal.

\*     \*     \*

Plaintiffs may continue to disagree with the military's past vaccination policy. And even though that policy is no longer in force, its memory may stir strong emotions for some time to come. But federal courts are "not empowered to decide moot questions . . . or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before" them. *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308, 314 (1893). Because the parties' disagreements are "no longer embedded in any actual controversy

5

about [these P]laintiffs' particular legal rights," *Alvarez v. Smith*, 558 U.S. 87, 93 (2009), the Court should dismiss this case as moot.

Dated: April 25, 2023                                            Respectfully submitted,

ADAIR F. BOROUGHS                                    BRIAN M. BOYNTON
United States Attorney                                       Principal Deputy Assistant Attorney General

/s/ Beth Drake                                                     ALEXANDER K. HAAS
Beth Drake (#5598)                                            Director
Assistant United States Attorney
1441 Main Street, Suite 500                              ANTHONY J. COPPOLINO
Columbia, SC  29201                                         Deputy Branch Director
Phone:  (803) 929-3061
Email:  Beth.Drake@usdoj.gov                        /s/ Cody T. Knapp
                                                                            CODY T. KNAPP (NY #5715438)
                                                                            CASSANDRA SNYDER (DC #1671667)
                                                                            Trial Attorneys
                                                                            U.S. Department of Justice
                                                                            Civil Division, Federal Programs Branch
                                                                            1100 L St. NW
                                                                            Washington, D.C. 20005
                                                                            Tel: (202) 532-5663
                                                                            Email: cody.t.knapp@usdoj.gov

                                                                            *Attorneys for Defendant*