IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derek Clements, *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>Lloyd J. Austin, III, Secretary of Defense,<br><br>    Defendant. | Civil Action No. 2:22-2069-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' motion for reconsideration of the Court's order denying preliminary injunctive relief (Dkt. No. 60) and Defendant's motion to dismiss. (Dkt. No. 62). Plaintiffs moved for the Court to reconsider its order denying as moot Plaintiffs' first and second motions for preliminary injunction. (Dkt. No. 60). Defendant opposed (Dkt. No. 62), and Plaintiffs replied. (Dkt. No. 64). Defendant has moved to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the claims asserted in the First Amended Complaint (Dkt. No. 33) are now moot. Plaintiffs opposed the motion to dismiss (Dkt. No. 64), and Defendant replied. (Dkt. No. 65). For the reasons set forth below, Plaintiffs' motion for reconsideration is **DENIED**, and Defendant's motion to dismiss is **GRANTED**.

**I.  Background**

This case has a somewhat involved procedural history. The original action named twenty-four plaintiffs: eight active-duty members of the armed forces stationed in five states, a reservist stationed in Georgia, and fifteen cadets enrolled in military service academies located in New York, Colorado, and Connecticut. Nineteen of the plaintiffs asserted claims under the Religious Freedom Restoration Act ("RFRA") and the Free Exercise Clause of the First Amendment, and all asserted claims under the Administrative Procedure Act ("APA"). Because the claims under RFRA and the First Amendment require factually-intensive, individualized inquiries for each

1

plaintiff, the Court concluded that the "joinder of these far-flung cases—in different states, military branches, service academies, and work stations—is an uniquely poor idea" that would not promote judicial economy and should be severed. (Dkt. No. 22 at 5). Once severed, the Court dismissed the cases of twenty of the plaintiffs who lacked venue in the District of South Carolina. (*Id*. at 6).

Plaintiffs thereafter moved for leave to amend their complaint to dismiss all defendants except the Secretary of Defense, Lloyd J. Austin, III, and to dismiss all the claims under RFRA and the First Amendment, leaving only the APA claims. (Dkt. No. 28). Defendant advised the Court he did not oppose this motion. The Court granted the motion for leave to file an amended complaint exclusively raising claims under the APA. (Dkt. No. 32).

Plaintiffs then filed the First Amended Complaint alleging three claims under the APA relating to the Department of Defense's ("DOD") Vaccine Mandate Order. (Dkt. No. 33 at 18-21). Plaintiffs requested the following relief: (1) a declaration that the mandates of the Department of Defense and the Coast Guard were void under the APA because they are "arbitrary, capricious, unlawful, and unconstitutional;" (2) an injunction against the implementation of the vaccine mandates; (3) attorney fees and costs under the Equal Access to Justice Act; and (4) any further relief the Court "deems necessary or appropriate in order to accord full and complete relief." (*Id*. at 21).

On December 23, 2022, during the pendency of this case, the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (the "Act") was enacted. The Act provided that "the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19." Pub. L. No. 117-263, 136 Stat. 2395, 2571-72 (2022). On January 10, 2023, the Secretary of Defense issued a memorandum rescinding "the mandate that members

2

of the Armed Forces be vaccinated against COVID-19." (Dkt. No. 62-6 at 2). He further provided that

> No individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination. . . The Military Departments will update the records. . . to remove any adverse actions solely associated with denials of such requests. . . Former service members may petition their Military's Department's Discharge Review Boards and Boards for Correction of Military or Naval Records to individually request a correction to their personnel records.

(*Id.* at 2-3). Furthermore, "as to individuals who were previously expelled from the service academies based on their vaccination status or who were denied commissions upon graduation, the services have invited those students to seek readmission or to accept a commission." (Dkt. No. 62 at 4). *See, e.g.,* (Dkt. No. 62-4).

Based on these new developments, Defendant moved to dismiss Plaintiffs' action seeking a declaration that the DOD's Vaccine Mandate Order violated the APA and an injunction against the enforcement of the Order on the grounds of mootness since the challenged policy had been rescinded by congressional action. Plaintiffs oppose the dismissal of this action and assert that they now seek "restorative preliminary injunctive relief" through reinstatement to their former positions. (Dkt. No. 55 at 6).

By order dated March 7, 2023, the Court denied the Plaintiffs' first and second motions for preliminary injunction on the ground of mootness. (Dkt. No. 57). The Court noted that the newly-asserted claim for "restorative preliminary injunctive relief" far exceeded "any prayer of relief set forth in the Amended Complaint and the second motion for preliminary injunction." (*Id.* at 2). Plaintiffs were told that they would need to file an amended complaint to assert claims and prayers for relief beyond those previously pled in the First Amended Complaint. (*Id.*).

3

Plaintiffs filed a motion for reconsideration of the denial of their motion for preliminary injunctive relief. (Dkt. No. 60). Defendant opposed the motion (Dkt. No. 62), and Plaintiffs replied in support. (Dkt. No. 64). Defendant also filed a motion to dismiss asserting that Plaintiffs' previously asserted challenges to the DOD's Vaccine Mandate Order were now moot. (Dkt. No. 62). Plaintiffs opposed the motion to dismiss (Dkt. No. 64), and Defendant replied in support. (Dkt. No. 65). The matter is ripe for the Court's review.

## II.     Legal Standard

### A. Reconsideration

A Rule 59 motion for reconsideration is granted in three circumstances: (1) to accommodate an intervening change in the controlling law; (2) to account for new evidence not previously available; and (3) to correct a clear error of law of to prevent manifest injustice. *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F. 3d 191, 197 (4th Cir. 2006)

### B. Dismissal

Rule 12(b)(1) allows a defendant to move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Article III limits federal courts' jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2. "[A]s such, there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). To determine whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted). "The moving party should prevail only if the material jurisdictional

4

facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal citation omitted). The plaintiff bears the burden of proof. *See Evans. v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

### III.  Discussion

#### A. Plaintiffs' motion for reconsideration is denied.

In their motion for reconsideration, Plaintiffs argue that their request for restorative relief was not a "newly stated request[] for relief, asserted for the first time in the last paragraph of a supplemental filing." (Dkt. No. 60 at 4). Furthermore, Plaintiffs argue that "[u]p until each Cadet is restored to their previous position, each Cadet retains a live, non-moot injury in fact as a result of refusing to comply with an unlawful order." (*Id.* at 6).

The Court has carefully reviewed Plaintiffs' motion for reconsideration; the briefs following the motion; and Plaintiffs' complaints and motions for equitable relief in this case. The Court finds that Plaintiffs' motion for reconsideration fails to meet the requirements for relief under Rule 59(e). The record is replete with evidence that Plaintiffs' desired relief in this case was a declaration that the DOD's Vaccine Mandate Order was unlawful and an injunction against its implementation. *See, e.g.*, (Dkt. No. 1 at 29); (Dkt. No. 33 at 21); (Dkt. No. 34 at 23-24); (Dkt. No. 34-1 at 1); (Dkt. No. 35 at 3). Therefore, after the Act was passed, "the plaintiffs already have gotten all that they asked for in their amended complaint." *Holloway v. City of Virginia Beach*, 42 F.4th 266, 275 (4th Cir. 2022). Consequently, as the Court determined, Plaintiffs' motions for preliminary injunction were moot.

Accordingly, the Court denies Plaintiffs' motion for reconsideration.

#### B. Defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted.

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies" under Article III. *Iron Arrow Honor Soc'y v.*

*Heckler*, 464 U.S. 67, 70 (1983). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Id.* "If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983). *See S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (2015) ("A case can become moot due either to a change in the facts or a change in the law."). "When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Id.*

On the other hand, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953). "The case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *Id.* (internal quotations omitted). "Statutory changes generally render a case moot, despite the legislature's power to reenact the challenged provision." *Moore v. Thurston*, 928 F.3d 753, 757 (8th Cir. 2019).

Numerous courts since the December 2022 adoption of the Act and the Secretary of Defense's January 2023 memorandum rescinding the DOD's mandate order have addressed the issue of whether these recent developments have rendered moot claims for declaratory and injunctive relief regarding the Vaccine Mandate Order. It has been widely held that these recent developments render moot such pending litigation. *See*, *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. Mar. 10, 2023) ("The recission of the COVID-19 vaccination mandate, as directed by the National Defense Authorization Act, provides the Airmen all of their requested relief and renders this appeal moot."); *Navy Seal 1 v. Austin*, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023); *Dunn v. Austin*, 2023 WL 2319316 (9th Cir. Feb. 27, 2023); *Short v. Burger*, 2023 WL 2258384 (9th Cir.

Feb. 24, 2023); *Colonel Financial Management Officer v. Austin*, 2023 WL 2764767 (M.D. Fla. Apr. 3, 2023).

Plaintiffs seek to avoid a mootness determination by contending that Defendant could potentially reimpose the mandate at some time in the future. As the district court recently observed in dismissing *Colonel Financial Management Officer v. Austin* on mootness grounds, "[b]ecause in this action Congress has unambiguously renounced the mandate and has directed by statute a recission of the mandate, recurrence of the military's challenged conduct seems, absent any compelling evidence to the contrary, remote and implausible." 2023 WL 2764767 at *2.

The Court finds that the claims alleged and the relief sought in the First Amended Complaint have been rendered moot by the adoption of the Act, which directed the Secretary to rescind the Vaccine Mandate Order. Consequently, Defendant's motion to dismiss is granted.

## IV. Conclusion

For the reasons set forth above, the Court denies Plaintiffs' motion for reconsideration of its denial of Plaintiffs' first and second motion for preliminary injunctive relief. (Dkt. No. 60). Further, the Court grants Defendant's motion to dismiss (Dkt. No. 62).[1]

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

May 16, 2023
Charleston, South Carolina

---

[1] The Court previously offered Plaintiffs the opportunity to amend their complaint if they wished to assert claims beyond those set forth in the First Amended Complaint. (Dkt. No. 57 at 2). Instead, Plaintiffs elected to file its motion for reconsideration regarding the denial of preliminary injunctive relief. Plaintiffs are now advised that they may file a Second Amended Complaint so long as they do so within 15 days of this Order or the Court will proceed to dismiss this action. Should Plaintiffs file a Second Amended Complaint, Defendant may raise any legal objections to the new pleading by filing another motion to dismiss and/or asserting defenses in his answer.